OPINION
Plaintiff-appellant Gary R. Tidenberg appeals the April 20, 1999 Judgment Entry of the Stark County Court of Common Pleas which denied his Motion for Summary Judgment. In the same judgment entry, the trial court granted in part, the motion for summary judgment of defendants-appellees, Edgar W. Jones, Jr., Hal Jones Construction Co., Bruce Martin, Susan Day and John Vanlandingham's (hereinafter referred to as collectively "appellees"). Appellees have also filed a cross-appeal from the April 20, 1999 Judgment Entry which denied a portion of their Motion for Summary Judgment.
 STATEMENT OF THE CASE AND FACTS
Appellant filed a complaint on March 16, 1998, seeking injunctive relief, damages for breach of contract, and damages for fraudulent conduct. Each claim arises out of the breach of an alleged partnership agreement between appellant and Edgar Jones, Jr. On September 8, 1998, appellant filed his Motion for Summary Judgment. On September 9, 1998, the trial court granted appellant's motion to amend his complaint. Appellees filed their Motion for Summary Judgment on September 15, 1998. In an April 8, 1999 Judgment Entry, the trial court granted appellees' motion for summary judgment on the first (injunctive relief), third (fraudulent conduct), and fourth (declaratory judgment) causes of action set forth in appellant's amended complaint. Additionally, the trial court granted summary judgment with respect to appellant's second cause of action as to appellee Susan Day only. The trial court found genuine issues of fact remained with regard to appellant's second cause of action as to all remaining defendants and therefore, overruled that portion of appellees' motion for summary judgment. The trial court further overruled appellees' motion for summary judgment with respect to the counterclaims. In an April 20, 1999 Judgment Entry Nunc Pro Tunc, the trial court amended its April 8, 1999 Judgment Entry by adding no just reason for delay language. It is from this judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED IN GRANTING MOTION FOR SUMMARY JUDGMENT DISMISSING APPELLANT'S CAUSES OF ACTION SEEKING JURY TRIAL AS TO EXISTENCE OF A CONSTRUCTION BUSINESS PARTNERSHIP.
 II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM OF FRAUD WHICH ALLEGED THAT APPELLEES IMPROPERLY ACQUIRED ALL OF THE PARTNERSHIP ASSETS AND BY RULING DOCUMENTS DRAFTED BY THE APPELLEE'S ATTORNEY AND CONSULTANT HAD THE EFFECT OF CREATING A FORFEITURE OF APPELLANT'S PARTNERSHIP INTEREST, ABSENT ANY RELEASE, WAIVER, OR AN ACCORD AND SATISFACTION REGARDING THE PARTNERSHIP ASSETS.
 III. THE TRIAL COURT ERRED IN INDICATING THAT TRIAL OF THE PLAINTIFF'S CAUSE OF ACTION IN CONTRACT WAS TO BE LIMITED TO APPLICABILITY OF AN AGREEMENT PREPARED BY DEFENDANT'S HIRED CONSULTANT RATHER THAN THE ISSUE OF VIOLATION OF PLAINTIFF'S PARTNERSHIP CONTRACT RIGHTS.
 IV. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT CONFIRMING THE CREATION OF AN EXISTING PARTNERSHIP AS SUPPORTED BY THE APPELLANT'S VERIFIED COMPLAINT, COUNTERCLAIM, AN AFFIDAVIT AND DEPOSITION EVIDENCE PRESENTED, WHERE APPELLANT DEMONSTRATED AN ABSENCE OF ANY EVIDENCE OF TERMINATION OF THE PARTNERSHIP.
 V. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT SUSAN COLLIER DAY, APPELLEE'S ACCOUNTANT, AS A DEFENDANT.
Appellees/cross appellants also appeal from the April 20, 1999 Judgment Entry, assigning as error:
 I. THE DENIAL OF A MOTION FOR SUMMARY JUDGMENT AS TO ONE COUNT OF A MULTI-COUNT COMPLAINT CONSTITUTES A FINAL APPEALABLE ORDER UNDER OHIO REVISED CODE 2505.02 WHEN THE TRIAL COURT'S ORDER PREVENTS JUDGMENT ON ALL THE CLAIMS ALLEGED BUT SUBSTITUTES A NEW CLAIM FOR TRIAL THAT THE PLAINTIFF DID NOT PLEAD.
 II. A TRIAL COURT LACKS THE POWER TO SUA SPONTE AMEND A COMPLAINT TO ALLOW A CAUSE OF ACTION FOR BREACH OF A WRITTEN AGREEMENT TO PROCEED TO TRIAL WHEN THE PLAINTIFF DOES NOT ALLEGE BREACH OF A WRITTEN AGREEMENT AS A CAUSE OF ACTION, AND DENIES ASSERTING SUCH A CLAIM.
 Appeal I, II, III, IV V
We have reviewed the motions for summary judgment along with the entire record below. After consideration, we hereby adopt the well-reasoned and well-written opinion of the trial court and incorporate it by reference herein. For the reasons advanced in that opinion, each of appellant's assignments of error are overruled.
 Cross Appeal I, II
Appellees/cross-appellants maintain the denial of a motion for summary judgment on one count of a multi-count complaint constitutes a final appealable order where the trial court's order prevents judgment on the claims alleged, but substitutes a claim the plaintiff did not plead. In their second assignment of error, appellees/cross-appellants maintain the trial court lacks the power to sua sponte amend a complaint to allow a cause of action a plaintiff did not plead in the amended complaint. It is well settled, a trial court's order denying a motion for summary judgment is not a final appealable order. The State ex rel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23, 37. Thus, a movant is precluded from seeking review of the denial until such time as the court enters a subsequent, adverse, and final judgment on the merits of the claim. Balson v. Dodds (1980), 62 Ohio St.2d 287,289. In the matter sub judice, no final order adverse to appellees/cross-appellants has been entered on appellant's first amended complaint for breach of contract. In the trial court's well reasoned opinion, incorporated by reference, supra, the trial court found genuine issues of material fact exist with regard to appellant's claims for breach of contract. We have reviewed appellant's first amended complaint and find it arguably states a cause of action for breach of contract and wrongful termination under the agreement for equity split. For these reasons, we find no final appealable order from which appellees/cross-appellants may prosecute the cross-appeal. Appellees/cross-appellants' cross-appeal is dismissed.
The April 20, 1999 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Wise, P.J. and Farmer, J. concur