DECISION AND JUDGMENT ENTRY
This is an appeal from the following decisions of the Lucas County Court of Common Pleas: (1) the court's January 15, 1998 order which granted appellee leave to file a response to appellants' motion to strike, (2) the trial court's January 15, 1998 order which granted appellee an extension of time to respond to appellants' motion for summary judgment; and (3) the court's September 20, 1999 decision which granted appellee's motion for summary judgment, denied appellants' motion for summary judgment, denied appellants' "Motion to Strike Defendant's Combined Brief, Etc. and Documents Attached Thereto," denied appellants' "Motion to Strike Paragraphs 1, 3, 5 and 7 of the Answer as a Sham and to Deem Paragraphs 1 through 11, 13 and 17 through 23 of the Complaint as Admitted," and denied appellants' "Motion to Strike Interrogatory Response, and to Award Costs of Deposition, and Renewed Motion for Summary Judgment." The trial court's decision is affirmed for the reasons that follow.
The relevant facts of this case are as follows. On July 7, 1994, Tonya Taylor ("Taylor") lost control of the rented van she was driving and, as a result, passenger Angela Triplett was killed and other passengers, Angela Triplett's children and grandchildren, were injured. The van was rented by Taylor from Brondes Ford Motor Sales, Inc. ("Brondes") and insured by appellee Liberty Mutual Insurance Company ("Liberty Mutual") through a business auto liability policy that appellants allege included uninsured and underinsured coverage.[1] On March 21, 1995, Larry Triplett, as administrator of Angela Triplett's estate, filed suit against Liberty Mutual and Taylor, claiming wrongful death against Taylor, and seeking a declaratory judgment against Liberty Mutual that the limits of Taylor's liability insurance with Liberty Mutual were $100,000 per person /$300,000 per accident. According to the parties' pleadings, that action was settled by the parties for $25,000 after Judge James D. Jensen found that the limits of the liability insurance policy were $12,500 per person/$25,000 per accident. The estate, however, reserved the right to proceed against Liberty Mutual on a claim for underinsured motorists coverage.
Then, on October 15, 1997, the present action was filed by Larry Triplett, both individually and as administrator of the estate of Angela Triplett, Rasheeda Triplett, Rajeeya N. Triplett, and Ralimah Triplett, daughters of the decedent, and David Triplett, son of the decedent and next friend of Dajah R. Triplett and Takeia Triplett against Liberty Mutual. Count 1 of the present complaint alleged wrongful death, and Count 2 sought a declaratory judgment that there was uninsured/underinsured motorist coverage in the amount of $100,000 per person /$300,000 per occurrence. Both parties filed separate motions for summary judgment on the issue of whether appellants were entitled to uninsured/underinsured motorist coverage. On September 20, 1999, the court granted summary judgment to appellee, after finding that Ford, as the named insured, had knowingly and expressly rejected uninsured/underinsured motorist coverage, pursuant to R.C. 3937.18. Appellants filed a timely appeal, raising the following assignments of error:
 "I. THE TRIAL COURT ERRED IN ITS ORDER OF JANUARY 8, 1998, RECORD ITEM 13, IN GRANTING LEAVE TO DEFENDANT TO FILE A RESPONSE TO THE MOTION TO STRIKE WHEN THE ONLY REASON GIVEN FOR FAILURE TO TIMELY RESPOND AS REQUIRED BY THE RULE WAS AN `OVERSIGHT.'
 "II. THE TRIAL COURT ERRED IN ITS ORDER OF JANUARY 12, 1998, RECORD ITEM 14, IN GRANTING AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS [sic] MOTION FOR SUMMARY JUDGMENT WHEN SUCH MOTION WAS UNTIMELY, NO REASON FOR FAILURE TO TIMELY REQUEST AN EXTENSION OF TIME WAS GIVEN, AND NO AFFIDAVIT WAS FILED WITH SUCH MOTION.
 "III. THE TRIAL COURT ERRED IN FAILING TO CONSIDER CIV. R. 36(A) AS SELF-EXECUTING AND TO CONSIDER PLAINTIFFS' REQUEST FOR ADMISSION NO. 8 AS CONCLUSIVELY ESTABLISHED FOR PURPOSES OF SUMMARY JUDGMENT AS A RESULT OF DEFENDANTS' [sic] FAILURE TO RESPOND THERETO WITHIN THE TIME ALLOWED BY RULE.
 "IV. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT WHICH WAS SUPPORTED BY A CONCLUSIVE ADMISSION.
 "V. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF'S [sic] MOTION TO STRIKE PARAGRAPHS 1 AND 7 OF THE DEFENDANT'S ANSWER AS A SHAM PLEADING UNDER CIV.R. 8(B).
 "VI. THE TRIAL COURT ERRED IN OVERRULING PLAINTIFFS' MOTION TO STRIKE THE SWORN RESPONSE TO INTERROGATORY NO. 3 AFTER DEFENDANTS' [sic] EMPLOYEE ADMITTED THE RESPONSE WAS FALSE AND ERRED IN FAILING TO AWARD COSTS IN THE CORRECTION OF SUCH FALSELY SWORN ASSERTION.
 "VII. THE TRIAL COURT ERRED IN CONSIDERING, FOR SUMMARY JUDGMENT PURPOSES, AN AFFIDAVIT OF A PERSON NOT IDENTIFIED AS A WITNESS IN DEFENDANTS' [sic] TRIAL BRIEF WITNESS LIST, WHICH AFFIDAVIT WAS FILED AFTER CLOSE OF DISCOVERY SO THAT THE AFFIDAVIT REMAINED UNCROSS-EXAMINED, THIS WAS ERROR IN LIGHT OF THE FALSITY OF DEFENDANTS' [sic] PRIOR SWORN RESPONSE WHICH SHOWN [sic] TO BE FALSE ONLY AFTER NOTICE OF EXAMINATION WAS GIVEN.
 "VIII. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' [sic] MOTION FOR SUMMARY JUDGMENT WHEN DEFENDANT'S PURPORTED DOCUMENTS ON THEIR FACE WERE NOT CREDIBLE DESPITE THE AFFIDAVITS GIVEN, AS BEING WHAT THE AFFIDAVITS PURPORTED THEM TO BE, LEAVING AN ISSUE OF FACT FOR JURY DETERMINATION, AND BECAUSE DEFENDANT FAILED TO ESTABLISH THAT ANY PRECEDING POLICY TO WHICH THE DOCUMENTS MIGHT APPLY WAS FOR THE SAME LIABILITY LIMITS AS THE POLICY AT ISSUE."
We will consider these assignments out of order as our rulings on Assignments of Error Nos. II, III, IV, VII, and VIII can affect the outcome of the remaining assignments of error.
 ASSIGNMENT OF ERROR NO. II
Additional facts relevant to this assignment of error are as follows. On December 12, 1997, appellants filed a motion for summary judgment, arguing that (1) Liberty Mutual was required by law to provide them with underinsured motorists insurance as Liberty Mutual had not provided any evidence of rejection of such insurance, and (2) the underinsured motorists insurance should be in the amount of $100,000 per person/$300,000 per occurrence. Appellee did not respond to appellants' summary judgment motion until January 9, 1998, at which time appellee filed, pursuant to Civ.R. 56(F), a motion for an extension of time to respond to appellants' summary judgment motion on the basis that appellee needed additional time to obtain affidavits. Over opposition by appellants, the court granted this extension on January 16, 1998, and on March 13, 1998, appellee filed its combined motion for summary judgment and opposition to appellants' motion for summary judgment.
Appellants now argue that the court erred in granting appellee an extension of time in which to respond to appellants' motion for summary judgment for two reasons. First, appellants argue that appellee's request was made after appellee's response time had expired and therefore, pursuant to Civ.R. 6(B)(2), appellee was required to show excusable neglect in order to be entitled to an extension. Appellee did not provide any excuse in its motion. Second, appellants argue that under Civ.R. 56(F), appellee's motion for an extension was deficient in that appellee's motion was not supported by an affidavit.
Based upon the specific facts of this case, and with a mind to the fact that parties should not be prohibited by procedural errors from getting to the merits of the summary judgment motion, and to promote judicial economy, this court finds that the trial court did not abuse its discretion in granting appellee an extension of time to file its opposition to appellants' summary judgment motion. Accordingly, appellants' second assignment of error is found not well-taken.
 ASSIGNMENTS OF ERROR NOS. III IV
As the third and fourth assignments of error are interrelated, we will consider them together.
On October 15, 1997, appellants served appellee with, inter alia, a Request for Admission ("Request for Admission No. 8"). This request stated as follows:
 "Please admit that Ford Motor Company/Ford Rent-A-Car did not reject a specific offer of $100,000.00 each person $300,000.00 each accident in uninsured/underinsured motorists coverage."
With appellants' consent, appellee was given additional time, up to and including December 31, 1997, in which to respond to this admission. Appellee's Notice of Service, filed January 9, 1998, states that appellee served its response on appellants on January 6, 1998. Appellants argued that appellee's failure to timely respond was an admission according to Civ.R. 36(A) and appellants attempted to use this admission in support of their motion for summary judgment. However, in a court order journalized January 20, 1999, the court stated that "[p]laintiff's suggestion that Request For Admission No. 8 be deemed admitted is overruled."
Appellants now argue, in their third assignment of error, that Request for Admission No. 8 was automatically and conclusively admitted once appellee failed to timely answer the request and, in their fourth assignment of error, that because Request for Admission No. 8 was admitted, the trial court erred in overruling appellants' summary judgment motion.
If a party fails to timely respond to requests for admissions, those requests are admitted. Civ.R. 36(A). Pursuant to Civ.R. 36(B), however, upon motion, the trial court may permit the withdrawal or amendment of this admission "when presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Balson v. Dodds
(1980), 62 Ohio St.2d 287, syllabus. There is no requirement under Civ.R. 36 that this motion be in writing, or as to when the motion must be filed. Id. at 291, n. 2. Such matters are left up to the discretion of the trial court. Id. In Balson, supra, the Ohio Supreme Court found that the trial court could reasonably have found such a motion had been made when the nonmovants contested the truth of the admission for the purposes of opposing summary judgment. Id.
In this case, appellee did contest the truth of Request for Admission No. 8 in its combined summary judgment motion and opposition motion. Further, appellants have not shown that they would be prejudiced in maintaining their action on the merits by the withdrawal of the admission. Accordingly, we do not find that the court abused its discretion in allowing appellee to withdraw their admission. Accordingly, appellants' third and fourth assignments of error are found not well-taken.
 ASSIGNMENT OF ERROR NO. VI
Appellants filed a motion to strike appellee's interrogatory response that incorrectly listed Michael Pisari as the person who, on behalf of Liberty Mutual, offered the uninsured/underinsured motorists coverage to Ford. Further, appellants' motion requested an award of the costs appellants incurred deposing Pisari in Boston, Massachusetts. The trial court overruled this motion based upon the following reasons: (1) prior to the deposition, appellee informed appellants of the mistake, and (2) appellee tried to lessen the expense of the deposition by suggesting that the deposition be taken by telephone.
This court cannot overrule the trial court's ruling on discovery issues absent an abuse of discretion. State ex. rel. The V Companies v. MarshallCty Aud. (1998), 81 Ohio St.3d 467, 469. Upon review of the facts and the trial court's findings, we do not find that the court abused its discretion in overruling appellants' motion. Accordingly, appellants' sixth assignment of error is found not well-taken.
 ASSIGNMENT OF ERROR NO. VII
In their seventh assignment of error, appellants take issue with the inclusion of an affidavit of Robert L. Ozment in appellee's motion for summary judgment. Ozment's affidavit stated that he was the Director of the Corporate Insurance Department for Ford Motor Company on May 27, 1987, and in that capacity, he rejected the uninsured/underinsured motorists policy for Ford. He also verified that he had signed the rejection form on May 27, 1987. Appellants argue that the court erred in considering this affidavit because (1) Ozment was not identified as a witness in appellee's trial brief, and (2) the affidavit was filed after the discovery deadline of March 1, 1999, so that appellants did not have a chance to cross-examine Ozment. In the trial court, appellants filed a motion to strike appellee's brief on this basis. The trial court denied this motion because (1) the court extended the period for disclosing witnesses until August 6, 1999 and therefore the disclosure of Ozment and the filing of his affidavit were in compliance with the court's discovery orders, and (2) appellants were not prejudiced by the filing of the affidavit as appellee had informed appellants in February 1997, that Ozment was the person who had signed the rejection form. We agree that appellants were not prejudiced. Appellants cannot claim to have been prejudiced by the inclusion of Ozment's affidavit when they knew that Ozment was the person who had signed the rejection form, and they knew that a main issue in the case was whether or not a rejection had been signed. Appellants' seventh assignment of error is found not well-taken.
 ASSIGNMENT OF ERROR NO. VIII
In appellants' eighth assignment of error, appellants argue that the court erred in granting appellee summary judgment because (1) the rejection form is not credible and (2) appellee failed to establish that any preceding insurance policies had the same limits as the current insurance policy.
In reviewing a grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts.
(1989), 61 Ohio App.3d 127, 129. Summary judgment is appropriate when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment must inform the trial court of the basis for the motion and identify the portions of the record which demonstrate the absence of a genuine issue of fact relating to an essential element of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets this initial burden, the nonmoving party cannot rest upon the pleadings, but must present, by affidavit or as otherwise provided under Civ.R. 56, specific facts showing that there is a genuine issue of fact for trial. Id at 293, quoting Civ.R. 56(E).
R.C. 3937.18(A) requires that all insurance companies offer uninsured and underinsured motorist coverage with all automobile liability or motor vehicle liability policy of insurance delivered or issued for delivery in this state. If the insurer fails to do so, uninsured and underinsured motorist coverage is implied by operation of law. Gyori v. JohnstonCoca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 565, 567. The named insured, however, can reject such coverage. This rejection must be written, and made expressly and knowingly. Id. The burden of proof is on the insurer. Id at 567-68, quoting Ady v. W.Am. Ins. Co. (1982),69 Ohio St.2d 593, 597. Once a valid rejection is made, uninsured and underinsured motorist coverage does not need to be provided in any policy renewal or replacement policy. R.C. 3937.18(C). For purposes of R.C.3937.18(C), "where an insurer provides an insured liability coverage, all subsequent, consecutive liability policies issued to the same named insured are "renewal policies." Hammer v. Lumbermens Mutual CasualtyCo. (Aug. 20, 1999), Lucas App. No. L-98-1283, unreported.
In the present case, appellants first argue that the court erred in granting summary judgment because the documents filed in support of appellee's motion were not credible. Specifically, appellants point to the fact that the rejection form is dated May 27, whereas the policy at issue was renewable in October. Secondly, appellants argue that it is questionable whether Ozment could correctly identify the documents he signed after ten years when the documents do not refer to any particular policy. Third, appellants argue that the rejection form appears to be in regards to an individual, rather than a corporate policy, and does not refer to any specific policy. We have reviewed the documents at issue in a light most favorable to appellants, and do not find the documents to lack credibility.
Second, appellants take issue with two of appellee's responses to appellants' discovery requests. The following are the discovery requests, and appellee's responses:
 "1. Please produce a copy of all correspondence between Liberty Mutual Insurance Company and Ford Motor Company/Ford Rent-A-Car System concerning offering uninsured/underinsured motorists coverage in conjunction with policy No. ASI-741-001000-073 and any proceeding [sic] policy for which said numbered policy is a successor.
"See attached Exhibit A and Exhibit B.
 "2. Please produce a copy of the liability limits of all preceding policies, all documents showing the dates of offering of said policies, and the effective dates of such policies.
 "Objection. Overbroad and burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendant has insured Ford since 1967. Without waiving this objection, a copy of the preceding policy in effect from 10-1-92 to 10-1-93 is attached as Exhibit C."
Appellants claim that a statement made in the affidavit of Dan Sobczynski, Director of Corporate Insurance for Ford at the time of this litigation, that "[t]he policy was renewed from 1987 until October 1, 1994" should not be considered by the court as appellee took the position, in the above interrogatory responses, that prior policies were inadmissible. This court does not agree. First, this court cannot comment on appellee's response to interrogatory No. 1 as the exhibits A and B, referred to in appellee's answer to interrogatory No. 1, are not attached to the interrogatories in the record, so we do not know what documents were produced. Second, we do not believe that appellee's response to interrogatory No. 2 was specifically that the insurance policies themselves, from 1987 until 1994, are inadmissible. Appellants' request was for numerous documents going back almost thirty years. Appellants were free to pursue this answer in the trial court by filing a motion to compel. Further, in appellee's response, appellee states that it has insured Ford since 1967. Therefore, we do not find appellee's answers to the above interrogatory to be an admission that any information regarding the insurance policies between 1987 and 1994 were inadmissible.
Appellants also argue that summary judgment was in error as there was no proof that the prior insurance policies were for the same limits as the insurance policy in place at the time of the accident. However, there was no need for such proof.
R.C. 3937.18(C) states that "[u]nless the named insured requests such coverage in writing, such coverages [uninsured and underinsured motorist coverage] need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverages in connection with a policy previously issued to him by the same insurer." There is no requirement that the initial and subsequent policies be identical.Hammer. Therefore, all that must be shown is that Liberty Mutual provided continuous liability coverage to the same named insured. In his affidavit, Sobczynski specifically avers that the policy was in effect from 1987 (when the rejection was signed) until October 1, 1994 and that there was no change in the named insured. Therefore, appellants' eighth assignment of error is found not well-taken.
 ASSIGNMENT OF ERROR NO. I
Additional facts relevant to the first assignment of error are as follows. On November 21, 1997, appellants filed a motion to strike certain paragraphs of appellee's answer and to deem certain paragraphs of the complaint as admitted[2], due to appellants' contention that appellee had knowledge of the truth of certain allegations in the complaint and yet denied those same allegations due to "lack of information sufficient to form a belief." On January 9, 1998, after appellee's time to respond to appellants' motion had expired, appellee filed a motion for leave to file a response instanter, claiming oversight as its reason for not having timely filed a response. On January 13, 1998, appellants filed an opposition to this motion; however, the court granted appellee's motion for leave on January 16, 1998. On September 20, 1999, the court denied appellants' motion to strike certain paragraphs of appellee's answer. Appellants now argue that "oversight" was not "excusable neglect" as required under Civ.R. 6(B) for the trial court to grant an extension after the time for responding has expired.
Civ.R. 6(B)(2) states that a court may, at its discretion, grant an extension of time "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect * * *." The trial court's decision will not be overturned on appeal absent an abuse of discretion. State ex. rel. Lindenschmidt v. Board ofComm'rs of Butler County (1995), 72 Ohio St.3d 464, 465. A finding of an abuse of discretion requires more than an error of law or judgment, but that the trial court's order was unreasonable, arbitrary, or unconscionable. Id.
Even assuming, in this case, the trial court abused its discretion in allowing appellee to file its opposition to appellants' motion to strike, we do not believe that this error was prejudicial to appellants. See, Civ.R. 61; R.C. 2309.59. First, the court's ruling on the motion does not rely on arguments raised in appellee's opposition. In its opposition, appellee merely explains its reasoning for denying each of the paragraphs at issue. Whereas, the court explained its reasoning for overruling appellants' motion as follows:
 "In the present case, Liberty Mutual's attorney made specific denials of some of plaintiffs' allegations. This is not a case where there is a blanket denial of all of the allegations. See Tiktin v. Brown (M.C. 1980), 17 O.O.3d 284 (general denial of all of plaintiff's allegations found a sham and false). While Liberty Mutual's attorney could have specifically admitted or denied more of the allegations that related to the previous litigation, I find that plaintiffs have not been prejudiced because plaintiffs' attorney in this case also represented the plaintiffs in the previous case, Case No. 95-0788. Thus, plaintiffs' attorney had notice of Liberty Mutual's position as to many of the allegations. In addition, it is well-settled that "(t)he spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies." Peterson v. Teodosioi (1973), 34 Ohio St.2d 161, 175. Therefore, plaintiff's motion must be denied."
Second, even if each of the allegations in the complaint were treated as true, it would not affect the outcome of the summary judgment motions. The allegations in the complaint that are at issue in appellants' motion are not contrary to the relevant facts as laid out by both parties in their respective motions for summary judgment. The only relevant issue for summary judgment purposes is whether Ford rejected uninsured/underinsured motorists insurance. As to this issue, the allegations in the complaint merely say that, prior to the first suit, appellee told appellants that uninsured/underinsured coverage had been expressly rejected, appellants later asked for proof of the rejection, they received the signed rejection form, appellants did not find this form sufficient and asked for more documentation and, as of the date the complaint was filed, did not receive additional proof of rejection. These facts, even if true, would not change the outcome of the summary judgment motions. The one possible exception is found in paragraph twenty-three of the complaint, which states, in part, that "plaintiffs are entitled to a declaration that they are entitled to uninsured/underinsured motorists coverage under the Liberty Mutual Insurance policy as a matter of law." However, this statement is a legal conclusion. The Ohio Supreme Court has stated that "[t]o operate as a judicial admission, an allegation in a pleading must be an allegation of a material and competent fact and not a mere statement of a legal conclusion." Faxon Hills Construction Co. v. United Brotherhood ofCarpenters and Joiners of America (1958), 168 Ohio St. 8, 10-11.
Accordingly, appellants' first assignment of error is found not well-taken.
 ASSIGNMENT OF ERROR NO. V
In their fifth assignment of error, appellants argue that the court erred in denying the above-mentioned motion to strike. The decision to strike an answer as a sham pleading is at the discretion of the trial court. See, State ex rel. Fant v. Sykes, Director, Ohio Dept. Of Adm.Serv. (1987), 29 Ohio St.3d 65, 65, White v. Calhoun (1911),83 Ohio St. 401. We do not find that the trial court abused its discretion in ruling that appellants were not prejudiced by appellee's answers and in placing importance on resolving the case on the merits. Further, as discussed above, we do not find this alleged error to have been prejudicial as it would not have changed the outcome of the summary judgment motions. Accordingly, appellants' fifth assignment of error is found not well-taken.
On consideration whereof, this court finds further that substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellants pay court costs for this appeal.
 _________________________ KNEPPER, P.J.
 James R. Sherck, J., Mark L. Pietrykowski, J., JUDGES CONCUR.
[1] The insurance policy was issued to Ford Motor Company, Ford Rent-A-Car System and Lincoln-Mercury Car Rental System, with Brondes listed as an additional insured.
[2] Appellants' motion sought to strike paragraphs 1, 3, 5, 7 of the answer as a sham and to deem paragraphs 1 through 11, 13, and 17 through 23 of the complaint admitted. In its opposition to this motion, appellee withdrew its previous answer and admitted the truth of paragraph 13. The relevant paragraphs of the complaint, at issue in appellants' motion to strike, are reproduced below.
 "1. Plaintiff, Larry Triplett, is the duly appointed Administrator of the Estate of Angela Triplett in Lucas County Probate Court Case No. ES 94-0446.
 "2. Plaintiff brings this action on behalf of the wrongful death beneficiaries of the decedent, Angela Triplett, as follows: Larry Triplett, spouse; Rajeeyah N. Triplett, daughter; Ralimah Triplett, daughter; Rasheedah Triplett, daughter; Ralimah Triplett, son; David A. Triplett, son; Dajah R. Triplett, granddaughter; Takeia Triplett, granddaughter; and Darnell Triplett, grandson.
 "3. On July 7, 1994 the defendant, Tonya Taylor, was operating a motor vehicle rented from Brondes Motor Sales, Inc. northbound on Interstate 75 at mile post 107 in Shelby County, Ohio when she negligently lost control of said vehicle, causing it to roll over killing plaintiff's decedent, Angela Triplett, a passenger therein.
 "4. Angela Triplett died as a proximate result of the negligence of Tonya Taylor, which negligence has been acknowledged by Tonya Taylor.
 "5. Angela Triplett was 48 years old at the time of her death with a further life expectancy of 22 years.
 "6. Larry Triplett suffered the loss of his wife [sic] earning capacity in the sum of One Hundred Forty Thousand Dollars ($140,000.00).
 "7. All the beneficiaries suffered damages from the loss of society and companionship, care and consortium of Angela Triplett.
 "8. All the beneficiaries suffered mental anguish and emotional distress over the death of Angela Triplett. Beneficiaries Larry Triplett, David Triplet, Rasheedah Triplett, Rajeeyah Triplett, Ralimah Triplett, Dajah Triplett, and Takeia Triplett were all passengers in the Van [sic] and observed the death of Angela Triplett.
 "9. There were funeral expenses exceeding Two Thousand dollars ($2,000.00).
 "10. Paragraphs one through nine are incorporated herein as if fully rewritten.
 "11. On July 1, 1994 Tonya Taylor rented a 1993 Ford Aerostar Van from Brondes Motors, Inc. for a period of ten days.
 "13. The policy provides in commercial auto coverage No. CA 00010692, page 2 of 11 under Section II, Liability Coverage:
"A. COVERAGE
 "We will pay all sums an insured legally must pay as damages because of bodily injury. . .caused by an accident and resulting from the. . .use of a covered auto.
"1. WHO IS AN INSURED
"a. You for any covered auto.
 "b. Anyone else while using with your permission a covered auto you own, here [sic] or borrow. . ."
 "17. Each of the above [Angela Triplett, David (Sample) Triplett, Rasheedah Triplett, Rajeeyah Triplett, Ralimah Triplett, Dajah Triplett, Takeia Triplett, and Darnell Triplett] suffered (not only personal injuries) but injury as wrongful death beneficiaries of Angela Triplett.
 "18. Plaintiffs previously presented a claim for uninsured motorists coverage to defendant on April 7, 1995. Prior to April 28, 1995 defendant denied that it provided any uninsured/underinsured motorists coverage. Subsequent thereto John Rasmussen, counsel for defendant Liberty Mutual Insurance Company, informed plaintiffs' counsel that there had been an express rejection of uninsured motorists coverage.
 "19. Based upon such representations when plaintiff Larry Triplett, Admr., filed suit against defendant Liberty Mutual Insurance Company, the issue was confined to the amount of liability coverage was [sic] available under the policy.
 "20. On January 24, 1997 while settling the liability coverage of this case, plaintiffs requested proof of the rejection of uninsured/underinsured motorists coverage. Exhibit B.
 "21. In response thereto plaintiffs was [sic] sent the one page document, Exhibit C.
 "22. On March 24, 1997 finding the one page insufficient, plaintiffs demanded further documentation showing that the express rejection was made, by an authorized person, and applied to this policy as shown, Exhibit D.
 "23. Defendant has failed to supply any such documentation and plaintiffs are entitled to a declaration that they are entitled to uninsured/ underinsured motorists coverage under the Liberty Mutual Insurance policy as a matter of law."