DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Chuck Wright, appeals from the judgment of the Akron Municipal Court awarding damages to appellee, Michael Pickett, in the amount of $853.51. This Court affirms.
 I. {¶ 2} Appellee brought his motor vehicle to Pro Car Associates for repairs on August 13, 2004. From the record, it is unclear whether appellant is the owner or president of Pro Car Associates. However, it is undisputed that the business, through appellant, agreed to perform repairs on the car. In addition, appellee alleged that appellant agreed that he would not be charged for the repairs if they did not remedy the problems in the vehicle. On August 24, 2004, appellee picked up the car and paid for the repairs in full. The following day, appellee contacted the business to inform the repairman that the car was still not running properly.
 {¶ 3} After several months of seeking a mutually agreeable solution, appellee filed suit in small claims court. Upon motion of appellant, the matter was transferred to the civil division of Akron Municipal Court. Thereafter, appellant filed a motion for summary judgment. In his motion, appellant alleged that he was not the proper defendant because Pro Car Associates was a duly formed corporation. Additionally, appellant alleged that all the repairs on the vehicle had been performed in a workmanlike manner. The trial court denied the motion and the matter proceeded to a bench trial. At the close of the evidence, the trial court found in appellee's favor and awarded damages against appellant in the amount of $853.51. Appellant timely appealed the trial court's judgment, raising four assignments of error for review. For ease of analysis, this Court has consolidated several of appellant's assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED PLAIN ERROR IN ALLOWING THE TRIAL COURT TO GO FORWARD AGAINST THE APPELLANT WHEN IT WAS CLEAR THAT HE WAS THE INCORRECT DEFENDANT."
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING THE TRIAL TO GO FORWARD AND NOT GRANTING APPELLANT'S MOTION FOR SUMMARY JUDGMENT."
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING THE TRIAL TO GO FORWARD WHEN IT WAS CLEAR FROM OHIO LAW THAT THE PROPER DEFENDANT AND PROCEDURE WOULD HAVE BEEN TO PROCEED AGAINST THE PRIOR OWNER OF THE [CAR]."
 {¶ 4} In his first, second and third assignments of error, appellant contends that the trial court erred when it failed to grant his motion for summary judgment. Specifically, appellant asserts that the sole evidence introduced in his unopposed motion indicated that he was not the proper defendant and that he had a valid defense to the claims raised by appellee. This Court cannot find that the trial court erred.
 {¶ 5} The denial of a motion for summary judgment is reviewable following a subsequent adverse jury verdict. Balsonv. Dodds (1980), 62 Ohio St.2d 287, paragraph one of the syllabus. However, any error in denying the motion "is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." Continental Ins. Co. v. Whittington
(1994), 71 Ohio St.3d 150, 156. Under these guidelines, we proceed with our review.
 {¶ 6} An appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. App.R. 9(B). See State v. Williams (1995),73 Ohio St.3d 153, 160. Accordingly, it is the appellant's duty to provide a transcript for appellate review because he bears the burden of demonstrating error by reference to matters in the record. State v. Skaggs (1978), 53 Ohio St.2d 162, 163. Herein, appellant failed to provide a transcript of the bench trial. Additionally, appellant failed to file a statement of facts pursuant to App.R. 9.
 {¶ 7} When the record is incomplete, this Court must presume the regularity of the trial court's proceedings and affirm its decision. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. See, also, Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 409 (declaring where portions of the record are omitted, which are necessary for effective review, the appellate court must affirm). Accordingly, absent a transcript of the proceedings, this Court is unable to determine whether appellee demonstrated a material issue of fact during the trial. Accordingly, we cannot determine whether the trial court erred, and appellant has not met his burden on appeal. Appellant's first, second and third assignments of error are overruled.
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN IT'S (sic) DECISION AND FINDINGS WHEREBY THE [APPELLEE] WAS UNJUSTLY ENRICHED AT THE DETRIMENT OF THE [APPELLANT]."
 {¶ 8} In his fourth assignment of error, appellant contends that the trial court erred when it awarded damages to appellee. Appellant's final assignment of error, however, suffers from the same deficiency as the remainder of his appeal. Without a transcript of the proceedings below, this Court must presume that the trial court acted properly based on the evidence presented.Knapp, 61 Ohio St.2d at 199. Accordingly, appellant's final assignment of error is overruled.
 III. {¶ 9} Appellant's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J. Whitmore, J. concur.