BALSON, APPELLANT, *v.* DODDS, APPELLEE.

[Cite as Balson v. Dodds (1980), 62 Ohio St. 2d 287.]

(No. 79-1385—Decided June 4, 1980.)

*Mr. Robert C. Paxton, II,* for appellant.

*Messrs. DaPore, Sabol & DaPore* and *Mr. Joseph C. DaPore,* for appellee.

WILLIAM B. BROWN, J.    The trial court denied appellant's motion for summary judgment because it determined that, pursuant to Civ. R. 36, appellee's failure to file timely answers

to appellant's Requests for Admissions did not constitute a proper basis for summary judgment. On appeal, the Court of Appeals did not consider the trial court's disposition under Civ. R. 36 because it ruled that a trial court's denial of a motion for summary judgment is non-reviewable on appeal by the movant from a subsequent adverse final judgment. We affirm the judgment of the Court of Appeals for reason that the trial court properly interpreted and applied Civ. R. 36. However, we hold that the Court of Appeals erred in refusing to review the trial court's denial of appellant's motion for summary judgment.

## I.

The trial court's order denying appellant's motion for summary judgment is not a final appealable order. *State, ex rel. Overmyer*, v. *Walinski* (1966), 8 Ohio St. 2d 23. Immediate review of this order was impossible, therefore, unless appellant elected to forego trial on the merits by standing on her motion, and by permitting the trial court to enter final judgment in the form of an involuntary dismissal for failure to prosecute. Civ. R. 41(B).

If we were to sustain the Court of Appeals' ruling that the above order is non-reviewable on appeal from a subsequent adverse final judgment, appellant would be required to choose *either* trial on the merits without preserving for appellate review the trial court's alleged error on summary judgment *or* immediate appellate review of the trial court's alleged error on summary judgment without preserving her right to trial on the merits. Thus, the conjunction of the above rules would unfairly present appellant with a Hobson's choice. Moreover, such a scheme would inhibit effective and consistent appellate court scrutiny of trial court compliance with pre-trial procedure. To avoid such difficulties, appellant should be permitted to try her case on the merits and still preserve for appellate review the trial court's alleged error on summary judgment. Thus, we hold that a trial court's denial of a motion for summary judgment is reviewable on appeal by the movant from a subsequent adverse final judgment. See 10 Wright & Miller, Federal Practice and Procedure, 427-428, Section 2715.

## II.

Appellant argues that the trial court erred in denying her

motion for summary judgment for reason that appellee's failure to file timely answers to appellant's Requests for Admissions resulted in conclusive admissions under Civ. R. 36, and such admissions were dispositive of her claims for relief. Appellant correctly argues that appellee's failure to file timely answers resulted in Civ. R. 36(A) admissions.[1] However, appellant is incorrect in assuming that the trial court could not permit appellee to withdraw or amend such admissions.

Civ. R. 36(B), in relevant part, provides:

"Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.***[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.***"

Based upon the above provision, the trial court, upon appellee's motion,[2] could permit the withdrawal or amendment of the Civ. R. 36(A) admissions, *i.e.,* permit appellee to avoid the conclusive effect of her failure to file timely answers, if presentation of the merits would be enhanced, and if appellant failed to satisfy the trial court that the withdrawal or amendment of the admissions would prejudice appellant in maintaining her action on the merits. *Moosman* v. *Joseph P. Blitz, Inc.* (C.A. 2, 1966), 358 F. 2d 686, 688. *French* v. *United States* (C.A. 9, 1969), 416 F. 2d 1149, 1152. See, also, 8 Wright & Miller, *supra,* 719-720, Section 2257. It is uncontested that

---

[1] Civ. R. 36(A), in part, provides:

"***The [requested] matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.***"

[2] Appellant argues that appellee failed to make the required Civ. R. 36(B) motion that she be permitted to withdraw or amend the Civ. R. 36(A) admissions. However, Civ. R. 36(B) does not require that a *written* motion be filed, nor does it specify *when* such motion must be filed. Thus, the rule leaves such matters to the discretion of the trial court. Herein, the trial court could reasonably find that, by contesting the truth of the Civ. R. 36(A) admissions for the purposes of summary judgment, appellee satisfied the requirement of Civ. R. 36(B) that she move the trial court to withdraw or amend these admissions.

presentation of the merits herein would be enhanced by permitting appellee to file untimely answers; and appellant has not demonstrated that these untimely answers would prejudice appellant in maintaining her action on the merits. Thus, we sustain the trial court's interpretation and application of Civ. R. 36.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, SWEENEY, LOCHER and HOLMES, JJ., concur.

P. BROWN, J., concurs in the judgment.