Although I concur with the majority's reasoning as to appellant's First and Sixth Assignments of Error, I respectfully dissent from the majority's determination as to the enforcement of the parties' "settlement." The majority correctly recites that a trial judge cannot force parties into settlement. Rulli v. Fan Co. (1997), 79 Ohio St.3d 374,376. Appellant's proposed clause in Hearing Exhibit E conditions the right to void the parties' settlement on appellant's subjective determination that his obligation to the bench and bar has become jeopardized. In contrast, the trial court's addition to Paragraph 13 clearly conditions the right to void the settlement on appellees' potential grievance actions, a significantly dissimilar prerequisite. While the ethical ramifications of this language are not before us at this time, I would find the variance between Paragraph 13 and appellant's proposed clause in Hearing Exhibit E is substantial enough to conclude that there did not exist a meeting of the minds, and that the trial court abused its discretion in "enforcing" an incomplete settlement agreement.
In that light, I would reverse and remand for further proceedings, thereby rendering moot appellant's Third and Fourth Assignments of Error, pertaining to the trial court's review of the "reasonableness" of the settlement. Similarly, since a movant is precluded from seeking review of a denial of summary judgment until such time as the court enters a subsequent, adverse, and final judgment on the merits of the claim (see Balson v. Dodds (1980), 62 Ohio St.2d 287, 289), I would find appellant's challenge to the denial of summary judgment, in his Fifth Assignment of Error, to be premature at this time.
 ___________________ JOHN W. WISE, JUDGE