[Cite as *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104655

---

# BAYVIEW LOAN SERVICING L.L.C.

### PLAINTIFF-APPELLEE

vs.

# DARWIN ST. CYR, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-848614

**BEFORE:** McCormack, P.J., Blackmon, J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 11, 2017

**ATTORNEY FOR APPELLANTS**

Ivan G. Haggins
3363 Chelsea Drive
Cleveland Heights, OH 44118


**ATTORNEYS FOR APPELLEE**

**For Bayview Loan Servicing, L.L.C.**

Ted A. Humbert
Laura C. Infante
Jason A. Whitacre
Law Offices of John D. Clunk Co. L.P.A.
4500 Courthouse Blvd., Ste. 400
Stow, OH    44224

**For City of Cleveland Heights**

Sara M. Donnersbach
Weltman Weinberg & Reis Co., L.P.A.
Lakeside Place, Ste. 200
323 Lakeside Ave., West
Cleveland, OH 44113

**ALSO LISTED:**

Dollar Bank, F.S.B.
3 Gateway Center
401 Liberty Ave.
Pittsburgh, PA 15222

State of Ohio Department of Taxation
150 East Gay Street, 21st Floor
Columbus, OH 43215

Samantha Elizabeth Thorpe
2111 Miramar Blvd.
Cleveland, OH 44121

TIM McCORMACK, P.J.:

**{¶1}** Defendant-appellant Darwin St. Cyr appeals from a judgment of the Cuyahoga County Court of Common Pleas granting foreclosure in favor of plaintiff-appellee Bayview Loan Servicing, L.L.C. ("Bayview"). For the following reasons, we affirm.

Procedural History and Substantive Facts

**{¶2}** In June 2008, St. Cyr purchased a home in Cleveland, Ohio. He executed a promissory note in the amount of $106,575. The note was secured by a mortgage against this property, executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Taylor, Bean & Whitaker Mortgage Corp. and its successors and assigns. In May 2010, MERS assigned the mortgage to BAC Home Loans Servicing, L.P., f.k.a., Countrywide Home Loans Servicing, L.P. In March 2014, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P., assigned the mortgage to the Secretary of Housing and Urban Development ("HUD"). Thereafter, in April 2014, HUD assigned the mortgage to appellee, Bayview, who was the current loan servicer at the time this action was filed.

**{¶3}** In July 2015, Bayview filed its complaint in foreclosure, seeking judgment on the note and foreclosure of the mortgage. Bayview alleged that it was entitled to enforce the note, it was in possession of the note, and it was the record holder of the mortgage at the time it filed the complaint. Bayview further alleged that St. Cyr's loan

account had fallen into default and St. Cyr had not cured the default, which resulted in the acceleration of the note and mortgage. Bayview stated that it was therefore entitled to foreclosure.

{¶4} When St. Cyr did not answer the complaint, Bayview moved for default judgment. At the default judgment hearing, however, St. Cyr filed a motion for leave to file an answer instanter, which the trial court granted. Thereafter, upon the court's instructions, Bayview provided St. Cyr with a loss mitigation packet and trial payment plan offer. St. Cyr rejected Bayview's offer and requested a case management conference be scheduled. The court granted St. Cyr's motion for a case management conference and ordered all discovery to be completed by April 18, 2016, and all dispositive motions due by May 2, 2016.

{¶5} On February 29, 2016, St. Cyr served upon Bayview a request for admissions, among other discovery requests. On April 15, 2016, Bayview filed its first notice of service of discovery. On April 18, 2016, Bayview filed a "combined motion to amend case management schedule and motion for extension to respond" to St. Cyr's discovery requests. St. Cyr, however, filed a brief in opposition to this motion. Both motions were denied on April 20, 2016, and with this order, the court indicated that all "nonexpert discovery is now closed." On April 21 and April 25, Bayview filed notices of service of discovery responses. Bayview filed a notice of service of supplemental discovery responses on May 9, 2016.

{¶6} After discovery was complete, St. Cyr moved for summary judgment,

alleging, essentially, that because Bayview failed to timely respond to St. Cyr's discovery requests, Bayview admitted to certain facts and these facts establish that no genuine issues of material fact exist and he was therefore entitled to judgment as a matter of law. Bayview then filed its own motion for summary judgment, a motion for default judgment, and a brief in opposition to St. Cyr's motion for summary judgment. Along with its reply brief in support of its summary judgment, Bayview moved the court to "withdraw deemed admissions or for the court to rule that the same were not admitted and allow responses [the] plaintiff provided."

{¶7} On June 6, 2016, the trial court granted Bayview's motion for summary judgment and motion for default judgment, and it denied St. Cyr's motion. The trial court issued a supplemental journal entry on June 13, 2016. St. Cyr now appeals, assigning two errors for our review:

> I. The trial court erred in granting Bayview's motion for summary judgment and in denying St. Cyr's motion for summary judgment, particularly given the deemed admissions by Bayview.
>
> II. The trial court erred in granting Bayview's motion for summary judgment and in denying St. Cyr's motion for summary judgment, as Bayview failed to provide sufficient evidence of entitlement to foreclosure and/or damages.

## Summary Judgment

**{¶8}** Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

**{¶9}** In a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Once a moving party satisfies its burden under Civ.R. 56(C), the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings; rather, it has a reciprocal burden of setting forth specific facts demonstrating that there is a genuine triable issue. *Id.*; *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996). Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Dresher* at 293.

**{¶10}** A motion for summary judgment in a foreclosure action must be supported by evidentiary quality materials establishing that: (1) the plaintiff is the holder of the note and mortgage or is a party entitled to enforce the instrument; (2) if the plaintiff bank is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of

principal and interest due. *See, e.g., Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17; *Bank of Am., N.A. v. Sweeney*, 8th Dist. Cuyahoga No. 100154, 2014-Ohio-1241, ¶ 8.

{¶11} We review the trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

Law and Analysis

{¶12} As the arguments overlap, we address the assignments of error together. St. Cyr contends that the trial court erred when it denied his motion for summary judgment and granted Bayview's motion for summary judgment because Bayview admitted it had no legal interest in the note or the mortgage by virtue of failing to timely respond to St. Cyr's request for admissions. In support, St. Cyr attached to his motion the request for admissions propounded to Bayview, which called upon the plaintiff to admit, among other statements, that it has no "legal interest, a beneficial interest, or any other interest in the mortgage or note" (Request No. 1); it has no documents demonstrating "the note was physically transferred to the plaintiff before commencement of the instant matter" (Request No. 9); the plaintiff "was not the party who entered and maintained MERS records" (Request No. 10); and the original lender, Taylor, Bean & Whitaker "had no right to assign any purported interest in the property, note, mortgage, or otherwise" (Request No. 15).

{¶13} St. Cyr also contends that even if the requests were not deemed admitted, there were no genuine issues of material fact and he was entitled to judgment as a matter

of law. In support, he advances the following arguments: (1) Bayview's affidavit in support of summary judgment was insufficient; and (2) Bayview failed to provide sufficient evidence that it was a real party in interest, it had standing, it was entitled to foreclosure on the property, and it was entitled to damages in the amount of $104,717.43 with interest from January 1, 2010.

{¶14} We first address St. Cyr's request for admissions propounded to Bayview. St. Cyr alleges that because Bayview's discovery responses were served upon him three weeks or more past the discovery deadline, the responses must be deemed admitted and, therefore, he is entitled to judgment as a matter of law. In response, Bayview provides that, given the voluminous nature of the discovery requests, it required additional time in which to respond, and on March 24, 2016, it requested and received approval from St. Cyr's counsel to extend the time to file its discovery responses until April 18, 2016. On April 18, Bayview requested another extension and it received approval from defense counsel to extend the time until May 9, 2016. Bayview further states that after it received defense counsel's consent, St. Cyr withdrew its consent that same day via an after-hours email from defense counsel. Bayview learned that its motion for extension had been denied on April 20, and it served its response to the defendant's first set of admissions the following day. Bayview served supplemental discovery responses (to a request for production of documents) that included a new payoff quote on May 9, 2016.

{¶15} It is well settled in Ohio that in accordance with Civ.R. 36(A), "'the matter set forth in the requests for admissions is deemed admitted if they are not answered within

rule.'" *Bank of N.Y. v. Jordan*, 8th Dist. Cuyahoga No. 88619, 2007-Ohio-4293, ¶ 34, quoting *Beechwoods, Inc. v. Hosfelt*, 10th Dist. Franklin No. 79AP-117, 1979 Ohio App. LEXIS 12493 (Oct. 9, 1979). Thus, where a party fails to timely respond to the request for admissions, those admissions become fact. *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 18. It is equally settled law that a motion for summary judgment may be based upon the admitted matter. *Jordan*. "[W]here a party files a written request for admission, a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 56(C) in case of a summary judgment." *Klesch v. Reid*, 95 Ohio App.3d 664, 674, 643 N.E.2d 571 (8th Dist.1994).

{¶16} However, the trial court may permit withdrawal or amendment of admissions under certain circumstances:

> Subject to the provisions of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.

Civ.R. 36(B); *Jade Sterling Steel Co. v. Stacey*, 8th Dist. Cuyahoga No. 88283, 2007-Ohio-532, ¶ 11.

{¶17} Therefore, in accordance with Civ.R. 36(B), the court may permit withdrawal where allowing withdrawal "'will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action.'" *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 14 (8th Dist.), quoting *Cleveland Trust Co. v. Willis*,

20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985). Thus, this rule "'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Id.*

{¶18} Civ.R. 36(B) does not require a written motion be filed, nor does it provide a time when a motion must be filed; rather, such matter is left to the discretion of the trial court. *Jade Sterling Steel Co.*, citing *Balson v. Dodds*, 62 Ohio St.2d 287, 291, 405 N.E.2d 293 (1980). In fact, contesting the admissions in a motion for summary judgment satisfies the requirements of the rule. *Id.*

{¶19} It is within the trial court's discretion whether it will permit or deny the withdrawal or amendment of admissions. *6750 BMS, L.L.C.* Likewise, it is within the court's discretion whether to accept the filing of late responses to a request for admissions. *Id.*

{¶20} We therefore review a trial court's decision regarding its consideration of a party's motion to withdraw or amend admissions for an abuse of discretion. *Jade Sterling Steel Co.* at ¶ 12. An abuse of discretion implies the trial court was arbitrary, unreasonable, or unconscionable. *Id.*

{¶21} Here, we recognize that Bayview's response to St. Cyr's request for admissions was untimely, and therefore, St. Cyr's request for admissions was automatically deemed admitted. However, not only did Bayview move the court to withdraw or amend the deemed admissions, it also contested the truth of the Civ.R. 36(A)

admissions in its opposition to St. Cyr's motion for summary judgment and in Bayview's own motion for summary judgment. Additionally, Bayview provided responses to St. Cyr's request for admissions within one day of receiving notice of the court's denial of the requested extension.

{¶22} Moreover, in its motion to withdraw or amend the deemed admissions and in its summary judgment briefs, Bayview demonstrated that amendment or withdrawal of the admissions would assist in justly resolving this action on its merits, and conversely, should the court deny its motion to withdraw or amend, Bayview would effectively be prevented from presenting its case on the merits. One of the requests for admissions asked that Bayview admit that it had no legal interest in the note or the mortgage. If Bayview was deemed to have admitted that it did not have any legal interest in the note or mortgage, the admission "would effectively nullify its ability to make out its prima facie case" and the presentation of the merits would be "subserved by permitting appellee to withdraw the admissions." *Lakeview Loan Servicing, L.L.C. v. Amborski*, 6th Dist. Lucas No. L-14-1242, 2016-Ohio-2978, ¶ 19. "[W]here key controverted issues are inadvertently or negligently admitted," the end result "is an unjustified suppression of the merits, and therefore, that presentation of the merits is subserved by permitting withdrawal in such cases." *Kutscherousky v. Integrated Communications Solutions, L.L.C.*, 5th Dist. Stark No. 2004 CA 00338, 2005-Ohio-4275, ¶ 19.

{¶23} Further, it is unlikely that St. Cyr can demonstrate prejudice. "[W]here a party all but conceded liability through its admission in a contested case, it is unlikely that

the opposing party could have reasonably relied on the truth of the admission." *Kutscherousky* at ¶ 27. In such a case, it is doubtful that a party that obtained the deemed admission could reasonably have believed the opposing party "'intended to admit liability in [the] contested action.'" *Id.* at ¶ 28, quoting *Westmoreland v. Triumph Motorcycle Corp.*, 71 F.R.D. 192, 193 (D.Conn.1976). And even if the party did, in fact, rely on that assumption, the courts are "'loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure.'" *Id.*; *Fifth Third Bank v. Meadow Park, L.L.C.*, 12th Dist. Clinton No. CA2015-07-012, 2016-Ohio-753, ¶ 30.

**{¶24}** The record shows that Bayview was working to comply with St. Cyr's discovery requests and it had, in fact, obtained at least one extension to respond. The record also shows that Bayview served its responses within one day of receiving notice that the court denied its April 18 motion for extension of time, having received the court's notice on April 20 and serving its responses to St. Cyr's request for admissions on April 21. St. Cyr did not file his motion for summary judgment until April 27. Under these circumstances, St. Cyr could not reasonably claim that he relied on the deemed admissions.

**{¶25}** In light of the foregoing, the trial court could reasonably find that Bayview satisfied the requirements of Civ.R. 36(B). And by virtue of the trial court's denial of St. Cyr's motion for summary judgment and its granting of Bayview's motion for summary judgment, the trial court implicitly withdrew the deemed admissions.

**{¶26}** We are mindful that the manner in which a trial court manages its dockets and controls discovery, including allowing extensions and addressing pending motions, rests completely within the discretion of the trial court. *6750 BMS, L.L.C.,* 2016-Ohio-1385, 62 N.E.3d 928, at ¶ 18, citing *State ex rel. V Cos. v. Marshall Cty. Aud.,* 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). A reviewing court will therefore not disturb a trial court's decision in this regard absent an abuse of this discretion. *6750 BMS, L.L.C.* And under the facts in this case, we cannot say the trial court abused its discretion.

**{¶27}** In his motion for summary judgment, St. Cyr contends that, notwithstanding the deemed admissions, "the plaintiff still cannot prove that it is a true real party in interest or that it has the mandatory standing to maintain the instant foreclosure proceeding." However, the burden is on the moving party to provide evidence to support its claim that there is no genuine issue of material fact and he is entitled to judgment in his favor. *Dresher*, 75 Ohio St.3d at 292-293, 662 N.E.2d 264.

**{¶28}** Civ.R. 56(C) provides an exclusive list of materials that a party may use in support of a motion for summary judgment:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

*Huntington Natl. Bank v. Blount*, 8th Dist. Cuyahoga No. 98514, 2013-Ohio-3128, ¶ 18.

"If a document does not fall within one of the categories of evidence listed in Civ.R.

56(C), it can only be introduced as proper evidentiary material when it is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." *Lebron v. A&A Safety, Inc.*, 8th Dist. Cuyahoga No. 96976, 2012-Ohio-1637, ¶ 8, citing *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220, 222, 515 N.E.2d 632 (8th Dist.1986).

{¶29} Here, St. Cyr has failed to provide any evidence in support of its claim that it is entitled to judgment as a matter of law. Rather, St. Cyr relies solely upon the deemed admissions to support his claim, and the affidavit attached in support of his summary judgment attests only to the circumstances surrounding his request for admissions and Bayview's untimely response thereto. Thus, St. Cyr has failed to identify portions of the record that demonstrate a genuine issue of material fact in accordance with Civ.R. 56(C).

{¶30} Conversely, Bayview provided the affidavit of Randall Jackson in support of its motion for summary judgment. St. Cyr claims, however, that Bayview's affidavit is insufficient to satisfy Bayview's summary judgment burden, because the affiant lacks credibility "and substantiation" and the affidavit does not sufficiently aver that Bayview was the actual and true holder of the note.

{¶31} Concerning affidavits filed in relation to summary judgment, Civ.R. 56(E) provides that

> [s]upporting and opposing affidavits shall be made on personal knowledge,
>
> shall set forth such facts as would be admissible in evidence, and shall show

affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

**{¶32}** "Personal knowledge" has been defined as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707. Where an affiant indicates that he or she is an employee of the bank, his or her job duties include the supervision of the loan, he or she has personal knowledge of the loan, and he or she is the records custodian of the records relating to the mortgage and line of credit at issue, the affidavit complies with Civ.R. 56(E). *See Blount* at ¶ 20. Moreover, where an affiant attests that he or she has personal knowledge of the transaction, "this fact cannot be disputed absent evidence to the contrary." *Household Realty Corp. v. Henes*, 8th Dist. Cuyahoga No. 85916, 2007-Ohio-5846, ¶ 12-13; *see also Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14 ("Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated".).

**{¶33}** Jackson's affidavit stated that he was a Bayview employee and authorized to make the affidavit, that he was familiar with the business records maintained by Bayview

for the purpose of servicing mortgage loans, including the loan at issue, and he attested that the business records reviewed and produced in this matter were "made at or near the time by either persons with direct knowledge to the activity and transactions reflected in such records or from information provided by person with direct knowledge of the activity and transaction" and they were "kept in the course of its regularly conducted business activity." Jackson also stated that he had personal knowledge of the loan and had personally examined the records of this loan. Finally, Jackson attested that the documents attached to his affidavit were "true and accurate" copies of the assignment, the note, and the mortgage.

{¶34} Accordingly, Jackson's affidavit complied with Civ. R. 56(E). St. Cyr provided no evidence to the contrary, and mere unsupported allegations that the affiant lacks credibility or substantiation is insufficient to demonstrate that the affiant is not competent to testify to the matters stated. Therefore, we find the affidavit of Randall Jackson is proper summary judgment evidence in accordance with Civ.R. 56(C).

{¶35} St. Cyr also argues that Bayview's evidence in support of its motion for summary judgment, including Jackson's affidavit, failed to establish that Bayview was a real party in interest, it had standing, it was entitled to foreclosure, or it was entitled to damages. St. Cyr specifically attacks the "unenforceable 'blank endorsement'" and the purported "bogus" assignments of the mortgage.

{¶36} In a foreclosure action, the current holder of the note and the mortgage is the real party in interest. *Bank of Am., N.A. v. Calloway*, 8th Dist. Cuyahoga No. 103622,

2016-Ohio-7959, ¶ 15; *Wells Fargo Bank v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236. Under the current law, "a party may establish its interest in the suit, and thus have standing, when at the time it files its complaint of foreclosure, it either (1) has had the mortgage assigned to it, or (2) it is the holder of the note." *Wells Fargo Bank v. Rennert*, 8th Dist. Cuyahoga No. 101454, 2014-Ohio-5292, ¶ 11, citing *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21 (8th Dist.), citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

**{¶37}** Bayview therefore had standing and was entitled to enforce the note if it established either that it was the holder of the note or it had been assigned the mortgage. *Patterson*; *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 27.

**{¶38}** A note secured by a mortgage is a negotiable instrument that is governed by R.C. Chapter 1303. *Wells Fargo Bank, N.A. v. Carver*, 2016-Ohio-589, 60 N.E.3d 473, ¶ 14 (8th Dist.). Under R.C. 1303.31(A), three "persons" are entitled to enforce an instrument: (1) the holder of the instrument; (2) a non-holder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who is entitled to enforce the instrument under R.C. 1303.38 or 1303.58(D). R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." When an instrument is endorsed in blank, it is

payable to the bearer.    R.C. 1303.25(B).

{¶39} Here, Bayview attached the note endorsed in blank, as well as a copy of the assignments of mortgage to Bayview, to its complaint and the affidavit of Randall Jackson in its motion for summary judgment.    Jackson attested in his affidavit that Bayview had been in possession of the note at least since the commencement of the foreclosure action and the copy attached to his affidavit was a true and accurate copy of the note in Bayview's possession.    Additionally, Bayview stated that in its discovery responses to St. Cyr's request for production of documents, it advised defense counsel that it was in possession of the note and the note was available for inspection. Therefore, by virtue of its possession of the note endorsed in blank, Bayview demonstrated it is the holder of the note and entitled to enforce the note.    *See, e.g., Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 62; *Bank of N.Y. Mellon v. Morgan*, 2d Dist. Montgomery No. 25664, 2013-Ohio-4393, ¶ 50; *BAC Home Loans Servicing, L.P. v. Untisz*, 11th Dist. Geauga No. 2012-G-3072, 2013-Ohio-993, ¶ 20; *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 16-18.

{¶40} St. Cyr also challenges Bayview's right to enforce the mortgage, contesting the assignment of the mortgage as "bogus."    We first note that a mortgagor lacks standing to challenge a mortgage assignment if the mortgagor is neither a party to, nor a third-party beneficiary of, the assignment of the mortgage.    *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17.    Here, Bayview attached to its summary judgment a copy of the assignment of mortgage from MERS, as

nominee for Taylor, Bean & Whitaker Mortgage Corp. and its successors and assigns, to BAC Home Loans Servicing, L.P., f.k.a., Countrywide Home Loans Servicing, L.P.; a copy of the assignment of mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. to the Secretary of Housing and Urban Development ("HUD"); and a copy of the assignment of mortgage from HUD to Bayview. St. Cyr was not a named party to any of the above assignments, nor a third-party beneficiary of the assignments. He therefore lacked standing to challenge the assignments or any of the circumstances upon which the assignments were created.

**{¶41}** Moreover, the allegation of an improper assignment is irrelevant because, under Ohio law, the mortgage "follows the note" it secures. *Najar* at ¶ 65, citing *U.S. Bank N.A. v. Marcino*, 181 Ohio App.3d 328, 2009-Ohio-1178, 908 N.E.2d 1032, ¶ 52 (7th Dist.).

> For nearly a century, Ohio courts have held that whenever a promissory note is secured by a mortgage, the note constitutes the evidence of the debt, and the mortgage is a mere incident to the obligation. Therefore, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.

(Citation omitted.) *Marcino*. Accordingly, the physical transfer of the note endorsed in blank constitutes an equitable assignment of the mortgage regardless of whether the mortgage is validly assigned. *Najar*; *Marcino*; *see also Wells Fargo Bank, N.A. v. Byers*,

10th Dist. Franklin No. 13AP-767, 2014-Ohio-3303.

**{¶42}** Finally, St. Cyr contends that Bayview has failed to establish it is entitled to damages, stating that Bayview did not submit sufficient substantive evidence or a competent, credible payment history. However, Bayview attached to its summary judgment a copy of the payment history, and Jackson attests in his affidavit that the attached payment history was a true and accurate representation of the account activity on St. Cyr's loan account. Jackson further attested to the default and the accuracy of the notices of default served upon St. Cyr, as well as a "face to face" notice dated September 14, 2011. These documents, and the affidavit that authenticates them, established the default and the amount due and owing as $104,717.43, with interest.

**{¶43}** In light of the foregoing, we find that Bayview provided evidence that it was entitled to enforce the note before filing the complaint in foreclosure and there is no genuine issue of material fact concerning its standing to commence this action as a real party in interest. St. Cyr's response to Bayview's motion for summary judgment, in which St. Cyr relies upon Bayview's deemed admissions, challenges Bayview's affidavit in support of its motion for summary judgment, and relied upon his own unsupported allegations, failed to meet his reciprocal burden to set forth specific facts showing there is a genuine issue that remains to be litigated. Accordingly, the trial court properly granted summary judgment in favor of Bayview and against St. Cyr.

**{¶44}** St. Cyr's assignments of error are overruled.

**{¶45}** Judgment affirmed.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
LARRY A. JONES, SR., J., CONCUR