[Cite as *C.S.J. v. S.E.J.*, 2020-Ohio-492.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| C.S.J., | : | |
| Plaintiff-Appellee, | : | No. 108390 |
| v. | : | |
| S.E.J., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-17-369524

*Appearances:*

S.E.J., *pro se.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant S.E.J., pro se, appeals the trial court's judgment granting plaintiff-appellee, C.S.J., a divorce and sole custody of their minor child. For the reasons that follow, we affirm.

## I.  Factual and Procedural History

{¶ 2}   On November 9, 2017, C.S.J. (wife) filed a complaint against S.E.J. (husband) in Cuyahoga D.R. No. DR-17-369524, requesting a divorce, sole custody of the couple's son, and spousal support.  On January 16, 2018, S.E.J., pro se, filed an answer, counterclaim, request for production, request for admissions, and interrogatories.

{¶ 3}   On February 14, 2018, C.S.J. requested additional time to respond to the discovery requests.  On February 22, 2018, S.E.J. filed a motion in opposition to C.S.J.'s request for extension of time.  The docket does not reflect a judgment entry regarding C.S.J.'s February 14, 2018 request.

{¶ 4}   C.S.J. filed a second motion for additional time to respond to S.E.J.'s discovery requests on March 27, 2018.  S.E.J. again filed a memorandum in opposition to C.S.J.'s request.  The trial court did not rule on C.S.J.'s motion for extension of time, and C.S.J. did not respond to the discovery requests.

{¶ 5}   On January 9, 2019, the case proceeded to trial.  In his opening statement, S.E.J. raised the fact that C.S.J. did not respond to his request for admissions.  The court made no ruling on the discovery requests during trial.  On January 10, 2019, S.E.J. filed a motion requesting his unanswered admissions be deemed admitted and seeking summary judgment.

{¶ 6}   Trial continued on January 17, 2019, and the parties filed written closing arguments on February 22, 2019.  The trial court's judgment entry dated

March 5, 2019, reflects C.S.J.'s divorce was granted and that "any motions not specifically addressed are hereby denied."

{¶ 7} On March 11, 2019, S.E.J. filed an objection to the trial court's March 5, 2019 judgment entry. An amended objection to the trial court's judgment entry was filed on March 15, 2019, citing several reasons for the objection including that the unanswered admissions should have been deemed admitted. Through a judgment entry dated March 18, 2019, the trial court instructed S.E.J. that its March 5, 2019 judgment entry is a final order and there is no provision within the Civil Rules allowing S.E.J. to file an objection to that order.

{¶ 8} S.E.J. filed this timely appeal on April 4, 2019, arguing one assignment of error:

> The trial court erred and abused its discretion ruling in favor of the appellee after the appellant established for the record the appellee had procedural[ly] defaulted by failing to timely answer the admissions as required by Civ.R. 36(C)[.][1]

## II. Law and Analysis

{¶ 9} S.E.J. contends that the trial court erred and abused its discretion when it granted C.S.J.'s divorce and found it was in the best interest of their minor child to grant C.S.J. sole custody. Specifically, S.E.J. argues that C.S.J.'s admissions — that were not timely answered — established C.S.J. "did not qualify for sole custody" and based upon those admissions the trial court should have granted joint custody to C.S.J. and S.E.J. S.E.J. also argues that the trial court's failure to

---

[1] While S.E.J. references Civ.R. 36(C) in his assignment of error, the applicable paragraph is Civ.R. 36(A).

acknowledge the unanswered admissions was "a major error" that violated his equal protection and due process rights under both state and federal law.[2]

{¶ 10} Under Civ.R. 36(A), a party to a lawsuit may serve a written request for admissions on the opposing party. Unless the court modifies the timeframe, the receiving party must answer or object to the admissions within 28 days after the requests for admissions are served or else the admissions are deemed admitted. Civ.R. 36(A)(1).

{¶ 11} "[W]here a party fails to timely respond to the requests for admissions, those admissions become fact." *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, 90 N.E.3d 321, ¶ 15 (8th Dist.), citing *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 18. Civ.R. 36 is a self-enforcing rule. *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 13 (8th Dist.). Therefore, if the requests are not timely answered, they are automatically admitted and recognized by the trial court unless a party moves to withdraw or amend its admissions under Civ.R. 36(B). *Id.*

{¶ 12} The trial court has discretion — upon motion by a party — to permit the withdrawal or amendment of Civ.R. 36(A) admissions. *Id.* at ¶ 15. Civ.R. 36 does not specify that a formal motion is required nor does the rule identify a time when the motion must be filed. *Balson v. Dodd*, 62 Ohio St.2d 287, 290, 405 N.E. 2d 293 (1980), fn. 2. Courts have accepted — absent a written or oral motion to

---

[2] C.S.J. did not file an appellee's brief.

withdraw — various challenges to the truth of an admission as implicit motions to withdraw. *Ezzo v. Ezzo,* 11th Dist. Ashtabula No. 2018-A-0059, 2019-Ohio-2395, ¶ 29. *See Balson* at fn. 2 (contesting the truth of admissions for purposes of a summary judgment motion serves as evidence of a motion to withdraw the admissions); *see also 6750 BMS* at ¶ 17 (a party's response to a motion to declare admissions admitted and simultaneously filing an answer to the requests for admissions act as a motion to withdraw); and *Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶ 25 (challenging the truth of the admissions during trial proceedings represents a motion to withdraw).

{¶ 13} Further, as the Ohio Supreme Court explained in *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985), a trial court's decision to allow the withdrawal or amendment of admissions takes into consideration the impact the admissions have on the litigation and the resulting prejudice to the opposing party:

> The court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. *Balson v. Dodds* (1980), 62 Ohio St. 2d 287 [16 O.O.3d 329], paragraph two of the syllabus. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.

{¶ 14} Here, C.S.J. requested two extensions to answer S.E.J.'s admissions, but ultimately the admissions were unanswered. Pursuant to the terms of Civ.R. 36, the admissions were automatically admitted. C.S.J. did not file a formal motion to

withdraw or amend the admissions. However, the Ohio Supreme Court does not require such a written motion to comply with Civ.R. 36(B). *Balson* at fn. 2. C.S.J. challenged the truth of the admissions when she proceeded to trial and requested sole custody of the couple's minor child. The trial court could reasonably find that C.S.J. implicitly presented a motion to withdraw the admissions and thereby satisfied the rigors of Civ.R. 36(B) when she contested the truth of the Civ.R. 36(A) admissions at trial.

{¶ 15} The 25 admissions served upon C.S.J. by S.E.J. asked her, inter alia, to admit that she forged documents; abandoned her child; leaked sensitive government information; and engaged in an extramarital affair. With the admissions, S.E.J. intended to establish C.S.J. was not suitable as sole custodian of the couple's minor child. The admissions went to the merits of the case and whether sole custody to C.S.J. was in the best interest of the minor child. Therefore, withdrawal of the admissions enhanced presentation of the merits of the case.

{¶ 16} S.E.J. cross-examined C.S.J. and her witnesses at trial and presented his own case in chief. There is no evidence that withdrawal of the admissions resulted in prejudice to S.E.J. in maintaining his action. Moreover, even if S.E.J. relied upon C.S.J.'s admissions during his trial preparations, courts are "'loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure.'" *Bayview*, 2017-Ohio-2758, 90 N.E.3d 321, at ¶ 23, quoting *Kutscherousky v. Integrated Communications Solutions, L.L.C.,* 5th Dist. Stark No. 2004 CA 00338, 2005-Ohio-4275, ¶ 28.

{¶ 17} A trial court has complete discretion concerning discovery matters. *JP Morgan Chase Bank v. Stevens*, 8th Dist. Cuyahoga No. 104835, 2017-Ohio-7165, ¶ 17. A trial court's discovery decisions — including the acceptance of a party's withdrawal of Civ.R. 36(A) admissions — will not be disturbed on appeal unless there is an abuse of discretion. *Bayview* at ¶ 20, 26.

{¶ 18} The trial court did not abuse its discretion when it allowed C.S.J. to proceed at trial and, in effect, permitted her to withdraw her Civ.R. 36(A) admissions.

{¶ 19} For the foregoing reasons, trial court's order is affirmed.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

RAYMOND C. HEADEN, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR