[Cite as *Koblentz & Penvose, L.L.C. v. Melvin*, 2022-Ohio-1399.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KOBLENTZ & PENVOSE, LLC,     :

     Plaintiff-Appellee,     :

     v.     :

No. 110721

JAMES MELVIN,     :

     Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 28, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-928164

---

### *Appearances:*

Weltman, Weinberg & Reis, Co., L.P.A., Roy J. Schechter,
and Donald A. Mausar, *for appellee*.

James Melvin, *pro se*.

SYLVIA A. HENDON, J.:

{¶ 1} Pro se defendant-appellant James Melvin ("Melvin") appeals the trial court's order granting summary judgment in favor of plaintiff-appellee Koblentz & Penvose, LLC ("Koblentz"). For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On January 22, 2020, in Cuyahoga C.P. No. CV-20-928164, Koblentz filed a collection lawsuit naming Melvin as the sole defendant. Koblentz's complaint averred that it provided legal services to Melvin and billed Melvin for those services, but Melvin did not pay the bill in full. An outstanding balance of $14,185.15 remained, and Koblentz sought to recover that amount from Melvin.

{¶ 3} On March 3, 2020, Koblentz filed a motion for default judgment. On that same date, Melvin, pro se, requested an additional 30 days to review the pending pleadings and to communicate with Koblentz.[1] On March 6, 2020, the trial court granted Melvin leave to file an answer or otherwise respond to Koblentz's complaint. On March 11, 2020, the trial court denied Koblentz's motion for default judgment.

{¶ 4} On July 5, 2020, the trial court issued a journal entry that indicated Melvin failed to participate in a telephonic-case-management conference and had not filed an answer. The court granted Melvin 30 days to file an answer or responsive pleading or be subject to a motion for default judgment.

{¶ 5} On August 3, 2020, Melvin filed a motion to recuse the trial judge. On that same date, Melvin requested an additional 45 days to retain counsel and the court granted that motion. The court reassigned the case to another trial judge on

---

[1] The defendant proceeded pro se throughout the entirety of the proceedings below as well as in this court.

August 5, 2020. On October 27, 2020, Melvin once again filed a motion to recuse the trial judge; the court reassigned the case on November 19, 2020.

{¶ 6} On November 20, 2020, due to Melvin's failure to file an answer to the complaint, Koblentz filed a motion for default judgment. On February 9, 2021, the trial court held Koblentz's motion for default judgment in abeyance and granted Melvin leave until March 4, 2021, to answer the complaint. On March 4, 2021, Melvin filed an answer to the complaint that rendered Koblentz's default judgment moot and a brief in opposition to Koblentz's motion for default judgment. On April 1, 2021, the trial court granted Melvin 30 days to obtain counsel.

{¶ 7} On April 26, 2021, Koblentz filed a motion for summary judgment. The trial court held a telephonic case-management conference on May 19, 2021, and instructed Melvin to respond to Koblentz's motion for summary judgment by May 26, 2021. The trial court noted that if Melvin retained counsel who filed a notice of appearance on Melvin's behalf, the court would consider a motion for extension of time to respond to the summary judgment motion. The court scheduled a subsequent telephone conference on July 8, 2021.

{¶ 8} On May 25, 2021, Melvin filed a pleading titled "notice of appearance of counsel on behalf of pro se defendant James Melvin" that stated Melvin's attorney was on vacation and would submit a notice of appearance the following week. The motion did not identify Melvin's attorney by name and no attorney subsequently filed a notice of appearance on behalf of Melvin.

{¶ 9} The trial court denied Melvin's oral pro se motion to continue the July 8, 2021 telephone conference. In the July 8, 2021 journal entry, the trial court noted that Melvin failed to respond to Koblentz's summary judgment motion and no attorney entered an appearance on behalf of Melvin. The trial court granted Koblentz's motion for summary judgment in the amount of $14,185.15, with interest and court costs.

{¶ 10} On July 29, 2021, Melvin filed a motion to vacate the court's order that granted summary judgment to Koblentz. On August 4, 2021, Koblentz filed a motion for a debtor's examination. On August 5, 2021, Melvin filed a motion to stay execution of the debtor's examination until the trial court ruled on Melvin's motion to vacate.[2]

{¶ 11} On August 6, 2021, Melvin filed a timely notice of appeal.

**Legal Analysis**

{¶ 12} Melvin's sole assignment of error is that the trial court erred when it granted Koblentz's motion for summary judgment.

{¶ 13} Pursuant to Civ.R. 56(C), the trial court must establish the following before it grants a motion for summary judgment:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the

---

[2] On August 12, 2021, Koblentz filed a combined brief in opposition to Melvin's motions to vacate and stay execution. The trial court dismissed the debtor's examination set for October 20, 2021, due to lack of service and did not rule on Melvin's motion to vacate.

party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 14} On a motion for summary judgment, the moving party's initial burden is to identify specific facts in the record that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party does not satisfy this burden, summary judgment is not appropriate. If the moving party meets the burden, the nonmoving party has a reciprocal burden to point to evidence of specific facts in the record that demonstrate the existence of a genuine issue of material fact for trial. *Id.* at 293. Where the nonmoving party fails to meet this burden, summary judgment is appropriate. *Id.*

{¶ 15} An appellate court applies a de novo standard when reviewing a trial court's decision that granted summary judgment. *Bayview Loan Servicing, L.L.C. v. St. Cyr*, 2017-Ohio-2758, 90 N.E.3d 321, ¶ 11 (8th Dist.). "Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *N. Frozen Foods, Inc. v. Moton*, 8th Dist. Cuyahoga No. 99938, 2014-Ohio-825, ¶ 11, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶ 16} Here, Koblentz filed a motion for summary judgment on April 26, 2021. Koblentz attached to its motion for summary judgment the Engagement

Letter and Fee Agreement executed by Melvin; Koblentz's itemized billing statement for services rendered and payments received from July 29, 2013, through March 1, 2018; and an October 12, 2018 letter from Koblentz mailed to Melvin's home address that stated the outstanding balance due of $14,185.15. Koblentz also provided the affidavit of Richard S. Koblentz ("Attorney Koblentz"), the attorney who provided the legal services to Melvin.

{¶ 17} Attorney Koblentz attested to the following: Melvin executed the Engagement Letter and Fee Agreement; the attached billing statement reflected the services provided and payments received; Koblentz mailed monthly invoices to Melvin throughout its legal representation; Melvin did not object to the balance due until after legal representation was concluded; all invoices were sent to Melvin's personal residence and none of those mailings were returned by the post office; and Koblentz issued monthly invoices to Melvin until the last invoice sent on October 12, 2018, that reflected a balance due of $14,185.15. Attorney Koblentz also swore the hourly rate and total number of hours charged were reasonable and commensurate with hourly rates charged by attorneys with similar years of experience in Northeast Ohio. Attorney Koblentz stated the firm sought the principal balance of $14,185.15 plus interest at the rate of 18% per annum, from October 13, 2018, and court costs.

{¶ 18} Based upon the presented arguments and the documentation attached to Koblentz's motion for summary judgment, Koblentz demonstrated that it was entitled to judgment as a matter of law. The burden then shifted to Melvin to

show genuine issues of material fact existed that precluded the trial court from granting Koblentz's motion for summary judgment.

{¶ 19} A brief in opposition to a motion for summary judgment is to be served within 28 days after service of the motion, unless the court grants an extension. Civ.R. 6. Koblentz served its summary judgment motion on April 26, 2021. The court issued a journal entry on May 19, 2021, that read:

> CMC by phone held. Defendant participated pro se. Defendant's response to plaintiffs' motion for summary judgment is due May 26, 2021. If counsel files a notice of appearance on behalf of defendant prior to May 26, 2021, the court will consider a motion for extension of time to respond. Telephone conference set for July 8, 2021 at 1:15 p.m. Plaintiff's counsel to initiate and contact the court at 216-443-8589. Notice issued.

{¶ 20} On May 25, 2021, Melvin filed a pleading titled "Notice of Appearance of Counsel on Behalf of Pro Se Defendant James Melvin" within which Melvin stated his attorney was on a family vacation and would formally submit his notice of appearance in the coming week. The pleading was not filed by an attorney, did not identify an attorney by name, and represented the only notice of appearance filed on Melvin's behalf throughout the litigation.

{¶ 21} It is settled law in Ohio that a court speaks through its docket and journal entries. *State v. Deal*, 8th Dist. Cuyahoga No. 88669, 2007-Ohio-5943, ¶ 54, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47. The trial court's May 19, 2021 journal entry stated Melvin's response to Koblentz's motion for summary judgment was due May 26, 2021. Further, the journal entry stated the court would consider a motion to extend that due date if counsel filed a

notice of appearance on Melvin's behalf. Absent an attorney filing a notice of appearance or the trial court's granting an extension, Melvin's brief in opposition to the motion for summary judgment was due May 26, 2021.

{¶ 22} We are not persuaded by Melvin's argument that the trial court's April 26, 2021 journal entry indicated that Melvin's brief in opposition was due on July 20, 2021. The April 26, 2021 journal entry reads, verbatim: "Motion for summary judgment filed plaintiff's motion for summary judgment 07/20/2021 – unknown." Nothing within the journal entry suggests a response by Melvin was due on July 20, 2021. Assuming arguendo the April 26, 2021 journal entry confused Melvin, the trial court's May 19, 2021 journal entry stated in clear, concise language that Melvin's response to the summary judgment was due on May 26, 2021.

{¶ 23} Melvin filed no brief in opposition to the summary judgment motion on or before May 26, 2021. Without a brief in opposition, Melvin failed to meet his Civ.R. 56 burden to present specific facts that demonstrate the existence of a genuine issue of material fact for trial. Therefore, summary judgment was warranted in favor of Koblentz.

{¶ 24} Despite Melvin's failure to respond to Koblentz's motion for summary judgment, Melvin raises several arguments in an attempt to show the trial court's ruling was erroneous. Generally, Melvin's arguments suggest the trial court should have afforded him certain leniencies because he was unrepresented by counsel. "'It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who

are represented by counsel.'" *In re Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22, quoting *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). Melvin was not entitled to any special treatment because he represented himself pro se. *Karnofel v. Kmart Corp.*, 11th Dist. Trumbull Nos. 2007-T-0036, 2007-T-0064, 2007-Ohio-6939, ¶ 27, quoting *In re Salsgiver*, 11th Dist. Geauga No. 2003-2514, 2003-Ohio-6420, ¶ 46, citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist. 1996). While this court's ruling is not influenced by Melvin's ability to "navigate" the complexities of the legal system, we note that he demonstrated an understanding of court procedures and an unusually high level of competence for a pro se litigant.

{¶ 25} Melvin was required to comply with the technical requirements of Civ.R. 56. *Karnofel* at ¶ 27. Civ.R. 56(C) delineates the evidence or stipulations that may be considered by the court when ruling on a motion for summary judgment:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

Melvin argues that he orally informed the trial court and opposing counsel that he disputed the excessive and unreasonable fees sought by Koblentz. Verbal comments

are not accepted as Civ.R. 56(C) evidence and could not be considered by the court when it evaluated Koblentz's summary judgment motion.

{¶ 26} Melvin also contends that the trial court erred when it denied his oral motion to continue the July 8, 2021 telephone conference and conducted the conference without his participation. Melvin argues an emergency arose on the date of the call that "involved saving a life" and, therefore, he was unable to participate. Melvin also argues that the trial court's decision to conduct the telephone conference exhibited preferential treatment of Koblentz. "We are mindful that the manner in which a trial court manages its dockets and controls discovery, including allowing extensions and addressing pending motions, rests completely within the discretion of the trial court." *Bayview Loan Servicing, L.L.C.*, 2017-Ohio-2758, 90 N.E.3d 321, at ¶ 26 (8th Dist.), citing *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 18, citing *State ex rel. V Cos. v. Marshall Cty. Aud.*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998). A trial court's regulation of its docket will not be disturbed except for an abuse of discretion. *6750 BMS, L.L.C.* at ¶ 18. Under the circumstances presented, we cannot say that the trial court abused its discretion when it denied Melvin's oral motion to continue and held the July 8, 2021 telephone conference without his participation.

{¶ 27} Further, Melvin argues that the trial court's granting summary judgment was in error because the court knew Melvin intended to retain counsel to present his defense. Melvin appears to argue that the court should have waited to rule on the summary judgment motion until after his counsel filed a notice of

appearance and responded to Koblentz's summary judgment motion. While Melvin indicated throughout the litigation his intent to retain counsel, as documented in the journal entries, he never did so. The trial court provided Melvin ample opportunity to secure counsel but he did not do so. The trial court's granting summary judgment before Melvin secured counsel did not amount to an abuse of discretion.

{¶ 28} We find the trial court did not err when, on July 8, 2021, it granted Koblentz's motion for summary judgment and entered judgment for plaintiff in the amount of $14,185.15, together with interest at the rate of 18% per annum from October 31, 2018, and court costs. Melvin's assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
SYLVIA A. HENDON, JUDGE*

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR

*(Sitting by assignment:  Sylvia A. Hendon, J., retired, of the First District Court
of Appeals.)