OPINION
{¶ 1} Plaintiff, Daniel Gehret, appeals from a summary judgment for Defendants, James and Gayle Rismiller, on Gehret's claim for specific performance of an option contract.
 {¶ 2} Gehret and the Rismillers own farms about two miles apart. They have known each other for approximately fifteen years. Gehret's farm operation includes a 350-acre grain farm *Page 2 
and the Rismillers' farm operation includes a 600-acre grain farm and approximately 500 to 600 head of cattle.
 {¶ 3} In 2002, a drought led to a poor crop year for Gehret, which resulted in financial hardship. Gehret approached the Rismillers with an offer to sell an 80-acre parcel of his land to the Rismillers for $200,000.00, with an option for Gehret to buy the parcel back from the Rismillers after two years at the same price. The Rismillers showed interest in the offer and Gehret's attorney drafted an option contract.
 {¶ 4} On April 23, 2003, Gehret and the Rismillers executed an option contract. The time period in which to exercise the option was from May 15, 2004 through January 31, 2005. The option contract provided:
 {¶ 5} "The consideration which [Gehret] or his heirs and assigns shall pay for the purchase of the real estate in accordance with this option is Two hundred thousand ($200,000.00) Dollars, payment to be made as follows: Ten thousand ($10,000.00) Dollars cash upon option exercise, with the balance as follows: Cash upon closing, with closing to occur on or before sixty (60) days after service of the written notice of exercise of option by [Gehret].
 {¶ 6} "[Gehret] shall be entitled to exercise this option *Page 3 
to purchase only during the period of time between May 15, 2004 and January 31, 2005. This option shall terminate on February 1, 2005, unless [the Rismillers] agree to extend the option period, but in no event shall this option extend beyond May 15, 2005 or more than two (2) years after Option-Holder acquired the real estate, whichever is sooner. If [the Rismillers] agree, [Gehret] can exercise this option before May 15, 2004, but this early purchase alternative shall be subject to the sole discretion of [the Rismillers].
 {¶ 7} "* * *
 {¶ 8} "In order to exercise his option to purchase, [Gehret] must serve written notice upon [the Rismillers] by regular U.S. Mail or hand-delivery to 13603 Rismiller Road, Rossburg, Ohio 45362, or at such other address agreeable to by the parties."
 {¶ 9} From November 2004 through January 21, 2005, Gehret and James Rismiller had three discussions regarding whether Gehret intended to exercise his option. It was Rismiller's impression that Gehret intended to exercise his option to purchase the land, but Gehret did not present written notice of his intent to exercise the option during any of these discussions, which were inconclusive. The Rismillers subsequently left on a vacation to Cancun, Mexico from January *Page 4 
29, 2005 to February 3, 2005. Gehret was unaware that they would be away during that time. While the Rismillers were out of town, their children stayed at the farm and ran the livestock operation. James Rismiller left a deposit slip with his sons to deposit Gehret's money in the bank should Gehret deliver the down payment money the option contract contemplated.
 {¶ 10} Gehret went to the Rismillers' residence once each day from January 29 to 31, 2005. According to Gehret, no one answered the door on these three days. On February 6, 2005, Gehret drove by the Rismillers' farm and saw their truck was in the driveway. Gehret knocked on the door of the house but there was no answer. Gehret left a check for $10,000.00 on the front seat of the unlocked truck. Later that day, James Rismiller returned the check to Gehret's residence.
 {¶ 11} On October 6, 2005, Gehret commenced an action against the Rismillers for specific performance of the option contract. The Rismillers answered the complaint. After discovery was completed, the Rismillers moved for summary judgment, which the trial court granted on October 16, 2006. Gehret filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 12} "THE TRIAL COURT ERRED IN FAILING TO EXERCISE *Page 5 
ITS EQUITABLE POWERS TO GRANT RELIEF TO PLAINTIFF/APPELLANT, DANIEL R. GEHRET, AS APPELLANT'S FAILURE TO TIMELY GIVE NOTICE RESULTED, IF AT ALL, FROM ACCIDENT, FRAUD, SURPRISE OR HONEST MISTAKE."
 {¶ 13} "An option is an agreement to keep an offer open for a specified time; it limits the customary power of the offeror to revoke his offer before its acceptance." Molnar v. Castle Bail Bonds, Ross App. No. 04CA2808, 2005-Ohio-6643, at ¶ 46. In order "for an exercise of an option to be binding on the optionor, it must be exercised in the manner provided for in the instrument creating the option on or before the time specified" Mother Ruckers, Inc. V. Viking Acceptance, Inc. (Jan. 13, 1983), Montgomery App. No. 7890.
 {¶ 14} Specific performance of a promise that is the basis of a contract is a form of equitable relief. The remedy of specific performance is available when the promisor's failure to perform constitutes a breach of the option contract, and a remedy for the breach which is ordinarily available at law, such as money damages, will not afford the promisee adequate relief for a loss arising from the breach. 84 Ohio Jurisprudence 3d, Specific Performance, § 8. An option to purchase real property may be specifically enforced after notice of the exercise of the option is given and the promisor *Page 6 
refuses to comply. Toebben v. Campbell (1970), 25 Ohio App. 123.
 {¶ 15} Gehret concedes that he did not exercise his option to repurchase the acreage from Rismiller on or before January 31, 2005, the last day on which, he could exercise the option. Gehret argues, however, that he was prevented from exercising his option by Rismiller; specifically, because Rismiller had left on vacation before the option term expired without informing Gehret, preventing Gehret from exercising his option. The prevention by one party of the performance by the other party constitutes a breach of contract for which the law gives the injured party a remedy against the other for breach of contract.Dynes Corp. V. Seikel, Koly Co., Inc. (1994), 100 Ohio App.3d 620.
 {¶ 16} Whether Rismiller prevented Gehret from exercising his option must be determined with reference to the rights and duties imposed on each by the option agreement. "In construing any written instrument, the primary and paramount objective is to ascertain the intent of the parties." Aultman Hosp. Ass'n. V. Community Mut. Ins. Co. (1989),46 Ohio St.3d 51, 53. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement."Kelly v. Medical Life Ins.Co. *Page 7 
(1987), 31 Ohio St.3d 130, paragraph one of the Syllabus by the Court.
 {¶ 17} The trial court granted Defendant Rismillers' motion for summary judgment on Plaintiff Gehret's claim for relief, pursuant to Civ.R. 56. The standards for summary judgment are well-known. The movant must show that, based on the pleadings and the evidence, and construing that evidence most strongly in favor of the party against whom the motion is made, that no genuine issue of material fact exists with respect to a particular claim or defense, and that on that basis the movant is entitled to judgment as a matter of law.
 {¶ 18} The contract provided two methods for providing timely notice to the Rismillers. Gehret could hand-deliver written notice to the Rismillers' residence, or he could send written notice to that address by mail. Personal service on the Rismillers was not required.
 {¶ 19} There is no evidence in the record that the Rismillers prevented Gehret from hand-delivering or mailing written notice during the over eight months between May 15, 2004 and January 28, 2005, the day before the Rismillers left the country on vacation. Neither did their absence prevent Gehret from simply mailing the written notice and the required payment to their residence or leaving it there on any of the *Page 8 
days he went there while the option remained open, as Gehret eventually did on February 6, 2005, after the option expired.
 {¶ 20} Gehret argues that the Rismillers made it impossible for him to serve the written notice when they left the country on vacation. According to Gehret, the Rismillers must have left the country in order to avoid service of Gehret's written notice. Implicit in that contention is that the Rismillers had promised that they would be at their residence to receive the notice and payment should Gehret elect to exercise the option.
 {¶ 21} There is nothing in the record to support Gehret's contention, which is predicated on the personal service requirement Gehret read into the option agreement. The agreement provides for residential service or service by regular mail sent to the Rismillers at their residence. Either was available to Gehret throughout the terms of the option, but he elected to follow a different course. Gehret argues that he was reluctant to mail a $10,000 check or leave it at the residence, though he eventually did the latter. However, his reluctance cannot alter the contract or impose a duty on the Rismillers to remain at home should Gehret exercise his option.
 {¶ 22} Gehret argues that the Rismillers nevertheless *Page 9 
had a duty to tell him they would be on vacation. That duty is not reasonably imposed by the contract, because it did not require them to be at home to accept the notice and payment. Gehret also stated in his own deposition testimony that on one occasion when he visited the Rismillers's home, he believes that someone was home but nobody came to the door. The contention is no more than speculation.
 {¶ 23} Gehret also argues that the trial court should have ordered specific performance because the Rismillers stand to gain a sizeable windfall in the absence of equitable relief. According to Gehret, the value of the land in dispute has increased from $200,000.00 to $410,000.00. But the fact that one party may receive the benefit of an increase in the value of the land does not mean that the plain language of the contract should be ignored. Rather, "[t]he very nature of a purchase option contemplates that the optionee will acquire that value if he exercises the option according to its terms, and that the optionor will retain that value if the optionee fails to exercise the option."Molnar, 2005-Ohio-6643, at _61.
 {¶ 24} Gehret cites Ward v. Washington Distributors, Inc. (1980), 67 Ohio App.2d 49, 425 N.E.2d 420, and Benton v. Tecumseh Corrugated Box Co. (Oct. 25, 1985), Wood App. No. WD-85-9, *Page 10 
for the proposition that equity should prevent the Rismillers from receiving a $210,000.00 windfall. The facts of those two cases, however, are inapposite. Unlike Gehret, the option-holder in bothWard and Benton had made valuable improvements to the leased property. There is no evidence in the record that Gehret made any improvements to the 80-acre parcel. Rather, any increase in value of the 80-acre parcel appears to have been the result of passive, market appreciation rather than from any improvements made by any party.
 {¶ 25} Finally, Gehret argues that he is entitled to equitable relief because his failure to give timely notice was the result of accident, fraud, surprise, or honest mistake. Once again, Gehret attempts to use the decision in Ward to require specific performance. But, Gehret has failed to point to any facts that establish accident, fraud, surprise, or honest mistake. Rather, with full knowledge of the deadline for providing written notice, Gehret failed to provide written notice by either of the two methods available to him in the option contract, which was drafted by his own attorney. In that respect, the facts of this case are more similar to Mother Ruckers than Ward. In Mother Ruckers, the lessee waited until the very last moment to attempt to exercise his *Page 11 
option. When the lessee went to the lessor's office, it was closed for the day. Like the lessee in Mother Ruckers, Gehret could have avoided such a result by hand-delivering written notice earlier or by using the alternative method of U.S. mail.
 {¶ 26} The equitable remedy of specific performance is justified by the inadequacy of damages available at law, that is, money damages. However, the right to either form of relief is predicated on a breach of contract by the promisor against whom the relief is granted. Reasonable minds could not find that the Rismillers breached their option agreement with Gehret, because Gehret cannot show that the Rismillers failed to perform any duty which the agreement imposed on them. They did not promise to remain at home through the full term of the option contract, which provides for alternative methods of notice available to Gehret that are not dependent on personal service. Gehret cannot create a duty in the Rismillers to "be at home" to receive his notice when the contract imposes no such duty on them. Therefore, the Rismillers did not breach their contract with Gehret by being away or by failing to tell Gehret they would be away.
 {¶ 27} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1