[Cite as *Trammell v. Broner*, 2023-Ohio-4143.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TYLER R. TRAMMELL | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2023CA00032 |
| MARY BRONER, ET AL., | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDINGS:　　Appeal from the Stark County Court of
　　　　　　　　　　　　　　　Common Pleas, Case No. 2022 CV 00503


JUDGMENT:　　　　　　　　　　Affirmed

DATE OF JUDGMENT ENTRY:　　November 16, 2023


APPEARANCES:


For Plaintiff-Appellee　　　　　　　For Defendants-Appellants

TODD B. KOTLER　　　　　　　　SAM THOMAS, III
JASON N. BING　　　　　　　　　Sam Thomas III & Associates, LLC
Arnold, Gruber & Haren LTD　　　23880 Commerce Park, Suite #2
4580 Stephen Circle, N.W., Suite #100　Beachwood, Ohio 44122
Canton, Ohio 44718

MICHAEL S. GRUBER, ESQ.
6370 Mt. Pleasant Street, N.W.
North Canton, Ohio 44720

*Hoffman, P.J.*

**{¶1}** Defendants-appellants Mary Broner and William H. Ingram ("Broner" and "Ingram," individually; "Appellants," collectively) appeal the March 2, 2023 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee Tyler R. Trammel ("Trammell").

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Broner and Ingram are sister and brother. On May 8, 2009, Clarence E. Ingram conveyed to Ingram real property located at 1724 Huron Road S.E., Massillon, Stark County, Ohio ("the Property"). On October 29, 2018, Ingram executed a durable power of attorney designating Lawrence E. Ingram as his attorney-in-fact for real estate transactions, among other authorities. On May 10, 2019, Trammell entered into a Land Contract with Ingram, through Lawrence Ingram as Ingram's power of attorney, for the purchase of the Property. Trammell paid $2400 as a deposit followed by four (4) monthly payments of $400, commencing June 15, 2019, and ending September 15, 2019, for a total purchase price of $4000.[1]

**{¶3}** Pursuant to the Land Contract, Ingram, through Lawrence Ingram, would "convey the Property to [Trammell] by transferable and recordable general warranty deed, free of all liens and encumbrances" within fifteen (15) days of the final payment. In addition, the Land Contract provided Lawrence Ingram would record the Land Contract with the Stark County Recorder within six (6) months of the date of its execution.

---

[1] The first page of the Land Contract, attached as Exhibit 2 to Trammell's Complaint, indicates a deposit amount of $2800. However, the second page states a deposit in the amount of $2400, was paid on the date of the Land Contract. Because the total purchase price was $4000, we find the deposit amount of $2800, noted on the first page of the Land Contract, was a scrivener's error and does not affect the outcome of this appeal.

Lawrence Ingram passed away shortly after the execution of the Land Contract. The deed was never recorded and the Property was never transferred to Trammell. Trammell has been in sole possession of the Property since the execution of the Land Contract. In addition to occupying the Property, Trammell has expended significant time and money to improve the Property. Following Lawrence Ingram's death, Broner contacted Trammell inquiring if he would sell the Property to her. They could not agree on a purchase price; therefore, a sale did not occur.

{¶4} In May, 2021, Broner filed an eviction against Trammell in the Massillon Municipal Court. The matter was dismissed in favor of Trammell on June 21, 2021. On July 10, 2021, Ingram attempted to convey the Property to Broner by executing a quitclaim deed. No money was paid in exchange for the transfer. The deed was recorded on July 19, 2021. Broner filed a second eviction action against Trammell in the Massillon Municipal Court on July 26, 2021. The matter was dismissed in favor of Trammell on August 31, 2021.

{¶5} On January 28, 2022, Trammell recorded an Affidavit of Facts Related to Title with the Stark County Recorder. Thereafter, on April 6, 2022, Trammell filed a complaint against Appellants for quiet title, specific performance under the Land Contract pursuant to R.C. 5313.04, or, in the alternative, for breach of contract. With leave of court, Appellants filed Answers on May 25, 2022. Counsel for Trammell served Interrogatories, Requests for Production of Documents, and Requests for Admissions upon Appellants on August 12, 2022. Appellants neither responded nor filed a request an extension of time in which to respond.

{¶6}   On October 14, 2022, Trammell filed a motion to compel discovery pursuant to Civ. R. 37 and motion to deem matters admitted pursuant to Civ. R. 36.  Appellants failed to respond to the motions. The trial court issued an Order on December 2, 2022, ordering Appellants to respond to Trammell's Interrogatories and Requests for Production of Documents no later than December 9, 2022.   Therein, the trial court also deemed admitted Admissions Nos. 1 -5 as to Broner and Admissions Nos. 1-6 as to Ingram and excluded "any testimony or other evidence contrary to the same."  December 2, 2022 Order.  Appellants did not object to the trial court's December 2, 2022 Order nor did they seek reconsideration.  Appellants failed to comply with the December 2, 2022 Order.

{¶7}   On December 19, 2022, Trammell filed a motion for summary judgment. Appellants filed a brief in opposition on February 22, 2023.  Trammell filed a reply on February 27, 2023.  Via Judgment Entry filed March 2, 2023, the trial court granted summary judgment in favor of Trammell.  The trial court found Trammell was the rightful owner of the Property, having completed all of his obligations under the Land Contract. The trial court further found when Ingram quitclaimed the Property to Broner, Broner knew the Land Contract had been completed and knew Trammell was the rightful owner and was in possession of the Property.  The trial court ordered Ingram to convey the Property to Trammell.

{¶8}   It is from this judgment entry Appellants appeal, raising the following assignments of error:

I. THE LOWER COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY RENDERING JUDGMENT UPON THE ALLEGED DISCOVERY "ADMISSIONS" PROPOUNDED BY THE APPELLEE.

II. REVIEWING APPELLEE'S MOTION FOR SUMMARY JUDGMENT *DE NOVO,* THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL [COURT] ERRED TO THE PREJUDICE OF THE APPELLANTS AND ABUSED ITS DISCRETION BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE.

I

**{¶9}** In their first assignment of error, Appellants contend the trial court erred in rendering judgment in favor of Trammell based upon finding Trammell's requests for admissions were deemed admitted. We disagree.

**{¶10}** Under Civ.R. 36(A), a party to a lawsuit may serve a written request for admissions on the opposing party. Unless the court modifies the timeframe, the receiving party must answer or object to the admissions within 28 days after the requests for admissions are served or else the admissions are deemed admitted. Civ.R. 36(A)(1).

**{¶11}** "[W]here a party fails to timely respond to the requests for admissions, those admissions become fact." *Bayview Loan Servicing, L.L.C. v. St. Cyr,* 2017-Ohio-2758, 90 N.E.3d 321, ¶ 15 (8th Dist.), citing *Smallwood v. Shiflet*, 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, ¶ 18. Civ.R. 36 is a self-enforcing rule. *6750 BMS, L.L.C. v. Drentlau*, 8th Dist. Cuyahoga No. 103409, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 13. Therefore, if the

requests are not timely answered, they are automatically admitted and recognized by the trial court unless a party moves to withdraw or amend its admissions under Civ.R. 36(B). *Id.*

{¶12} With that said, however, the trial court has discretion — upon motion by a party — to permit the withdrawal or amendment of Civ.R. 36(A) admissions. *Id.* at ¶ 15. Civ.R. 36 does not specify whether a formal motion is required and the rule does not identify the timeframe in which the motion must be filed. *Balson v. Dodds*, 62 Ohio St.2d 287, 290, 405 N.E.2d 293 (1980), fn. 2. Courts have accepted — absent a written or oral motion to withdraw — various challenges to the truth of an admission as implicit motions to withdraw. *Ezzo v. Ezzo*, 11th Dist. Ashtabula No. 2018-A-0059, 2019-Ohio-2395, ¶ 29. See, *Balson*, supra at fn. 2 (contesting the truth of admissions serves as evidence of a motion to withdraw the admissions); see also, *6750 BMS* supra at ¶ 17 (a party's response to a motion to declare admissions admitted and simultaneously filing an answer to the requests for admissions act as a motion to withdraw); and *Haskett v. Haskett*, 11th Dist. Lake No. 2011-L-155, 2013-Ohio-145, ¶ 25 (challenging the truth of the admissions during trial proceedings represents a motion to withdraw).

{¶13} In *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985), the Ohio Supreme Court held a trial court's decision to allow the withdrawal or amendment of admissions must take into consideration the impact the admissions will have on the litigation and the resulting prejudice to the opposing party.  Specifically, the High Court stated:

The court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. *Balson v. Dodds*, 62 Ohio St. 2d 287 [16 O.O.3d 329, 405 N.E.2d 293] (1980), paragraph two of the syllabus. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.

**{¶14}** *Id.* at 67.

**{¶15}** Appellants argue by contesting the truth of the substance of the Civ. R. 36(A) admissions in their brief in opposition to Trammell's motion for summary judgment, they satisfied the requirements of Civ. R. 36(B) and the trial court should have permitted them to withdraw or amend the admissions.

**{¶16}** The decision as to whether to permit a modification to admissions rests in a trial court's sound discretion. *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 293; Civ.R. 36(B). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶17}** In *Bush v. Eckman,* 5th Dist. Licking No. 07CA0115, 2008–Ohio–5080, this Court found:

In making its determination of whether to permit a withdrawal or amendment of the admissions, the trial court is required to consider the elements of Civ.R. 36(B). Ohio courts have stylized this consideration into a multi-pronged analysis. See *Kutcscherousky v. Integrated Communications Solutions,* LLC, 5th Dist. No.2004CA00338, 2005–Ohio–4275; *RKT Properties, LLC v. City of Northwood,* 6th Dist. No. WD–05–009, 2005–Ohio–4178; *Farmers Ins. Of Columbus, Inc. v. Lister,* 5th Dist. No, 2005–CA–29, 2006–Ohio–142; *B & T Distributors v. CSK Const., Inc.,* 6th Dist. No. L–07–1362, 2008–Ohio–1855. First, there is the overreaching goal that cases should be resolved on their merits. The court must determine whether the amendment or withdrawal of the admissions will aid in presenting the merits of the case. *Cleveland Trust,* 20 Ohio St.3d at 67. If the court so determines, the burden then shifts to the party who obtained the admissions to establish that the withdrawal or amendment will prejudice the party in maintaining their action. *Id.; Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 293, paragraph two of the syllabus. "Against this prejudice, the court must weigh the 'compelling' circumstances that led to the failure to respond to the request for admissions." *RKT Properties,* supra at ¶ 12, citing *Cleveland Trust,* supra and *Balson,* supra.

**{¶18}** *Id.* at ¶ 23.

**{¶19}** Appellants assert the trial court failed to undergo this analysis. Assuming, arguendo, the trial court did not undergo the analysis, we, nonetheless find the trial court

did not abuse its discretion by denying Appellants' request to withdraw or amend the admissions. Appellants have failed to set forth ANY reason, compelling or otherwise, for their failure to respond at all to Trammell's request for admissions.

{¶20} Counsel for Trammell propounded Interrogatories, Requests for Production of Documents, and Requests for Admissions upon Appellants on August 12, 2022. Appellants neither responded nor filed a request an extension of time in which to respond. On October 14, 2022, Trammell filed a motion to compel discovery pursuant to Civ. R. 37 and motion to deem matters admitted pursuant to Civ. R. 36. Appellants did not respond to the motions. Via Order filed December 2, 2022, the trial court ordered Appellants to respond to Trammell's Interrogatories and Requests for Production of Documents no later than December 9, 2022. The trial court also deemed admitted Admissions Nos. 1 -5 as to Broner and Admissions Nos. 1-6 as to Ingram and excluded "any testimony or other evidence contrary to the same." *Id.* Appellants did not object to the trial court's December 2, 2022 Order nor did they seek reconsideration. Appellants never responded to Trammell's request for admissions.

{¶21} Based upon the foregoing, Appellants' first assignment of error is overruled.

II

{¶22} In their second assignment of error, Appellants challenge the trial court's grant of summary judgment in favor of Trammell.

{¶23} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this

Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

**{¶24}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶25}** It is well established the party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving

party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

*Quiet Title*

**{¶26}** An action to quiet title is governed by R.C. 5303.01, which provides, in relevant part:

> An action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest.
>
> R.C. 5303.01.

**{¶27}** The purpose of any quiet-title action is to conclusively determine the allocation of property interests. *Ochsenbine v. Village of Cadiz*, 7th Dist., 166 Ohio App.3d 719, 2005-Ohio-6781, 853 N.E.2d 314, ¶ 13. "The burden of proof in a quiet title action rests with the complainant as to all issues which arise upon essential allegations of his complaint. He must prove title in himself if the answer denies his title or if the defendant claims title adversely." *Id.*

**{¶28}** Appellants submit the "trial court improperly opined that the 'uncontroverted facts establish that [Appellee] is the rightful owner of the Property, having completed all

of his obligations under the Land Contract.' " Brief of Appellants at p. 11. Appellants set forth three assertions in support of their position. First, Appellants maintain the trial court erred in finding "the document proffered by [Trammell] was an enforceable land contract and thus the terms thereof were fully satisfied by [him]." *Id*. at p. 12. Next, Appellants contend the trial court improperly voided the quit claim deed which transferred the Property to Broner upon an erroneous finding Broner was not a bona fide purchaser. Finally, Appellants argue the trial "court erred in ruling that the lack of recording [of the Land Contract] was not fatal to the attempted enforcement of the alleged land contract and that Appellant Broner was not a bona fide purchaser." *Id*. at p. 14.

**{¶29}** The trial court relied upon the facts as "demonstrated by the affidavit and admissions submitted by [Trammell]," noting Appellant had not submitted any evidentiary materials to dispute the facts. March 2, 2023 Judgment Entry at p. 8. Even without consideration of the admissions deemed admitted, we find the undisputed facts as set forth in Trammell's affidavit establish the trial court properly granted summary judgment on Trammell's claim for quiet title.

**{¶30}** In his affidavit in support of his motion for summary judgment, Trammell averred:

> 6. On May 10, 2019, Lawrence Edward Ingram, as attorney-in-fact for William H. Ingram, entered into a Land Contract as Seller and Affiant as Buyer for the Property, which on January 28, 2022 was recorded as Instrument No. 202201280004396 in the Stark County Records. * * *

7. The Land Contract provided for payment of the total purchase price of $4,000.00 by a $2,800.00 deposit and $400 monthly payments to follow, beginning on June 15, 2019 and ending on September 15, 2019.

8. I timely paid each and every one of those payments as provided in the Land Contract by depositing the payments into Seller's bank account.

9. Upon information and belief, Lawrence Edward Ingram died shortly after I made the last payment according to the Land Contract.

10. Neither Lawrence Edward Ingram, as attorney-in-fact nor William H. Ingram, conveyed the Property by deed to me.

11. I have performed all duties under the Land Contract precedent to receiving the deed to the Property.

12. I have had possession of the Property since I signed the [L]and [C]ontract and I expended over 500 hours of personal labor and in excess of $12,000.00 in improving the Property in addition to the amounts paid under the Land Contract to purchase the Property.

13. Mary E. Broner, upon information and belief, the sister of William H. Ingram, contacted me about the Property after the death of Lawrence Edward Ingram.  She asked if I would sell the Property to her.  I gave her a price but she has not purchased the Property from me.

* *

15. On July 10, 2021, Mary E. Broner, despite knowing that I had a [sic] paid in full for the Land Contract, and after discussing the purchase of the Property from me, had her brother, William H. Ingram, quit claim the

Property to her by deed recorded on July 19, 2021 as Instrument No. 202107190037070 of the Stark County Records. * * *

16. I have not transferred, disclaimed or abandoned any of my right, title and interest in the Property.

Affidavit of Tyler R. Trammell, attached as Exhibit 1 to Plaintiff Tyler R. Trammell's Motion for Summary Judgment.

**{¶31}** The averments in Trammell's affidavit establish, Trammell, having completed all of his obligations under the Land Contract, was the equitable and legal owner of the Property. See, *Blue Ash Bldg. & Loan Co. v. Hahn* (1984), 20 Ohio App.3d 21, 24, 484 N.E.2d 186, 189 (1984). Appellants failed to submit any evidentiary material to dispute these facts.

**{¶32}** Appellants also failed to present any evidence to support their position Broner was a bona fide purchaser. "A bona fide purchaser is defined as one who acquires the apparent legal title to property in good faith for a valuable consideration and without notice of a claim or interest of a third person under the common source of title." *Harrold v. Homsher,* 3rd Dist. Hancock No. 5–02–13, 2002–Ohio–4688, ¶ 12 (Internal quotations and citation omitted). Based upon the averments in Trammell's affidavit, we find the trial court correctly found Broner was not a bona fide purchaser. The evidence established Broner acquired title in the Property from Ingram, her brother, in July, 2021, without valuable consideration. In addition, Broner had actual knowledge Trammell had completed his obligations under the Land Contract and was in possession of the Property. Broner approached Trammell about purchasing the Property, but did not complete the

transaction. Broner attempted, twice, to evict Trammell, and was unsuccessful both times.

**{¶33}** Appellants further argue, pursuant to R.C. 5301.23, the failure of Ingram, through his attorney-in-fact Lawrence Ingram, to record the Land Contract operated to void Trammell's ownership interest in the Property. "In Ohio, the failure or success of recording an instrument has no effect on its validity as between the parties to that instrument." *Bank of New York Mellon Trust Co., N.A., v. Loudermilk*, 5th Dist. Fairfield No. 2012-CA-30, 2013-Ohio-2296, ¶ 29 (Internal quotations and citation omitted). "The purpose of the recording statutes is to put other lien holders on notice and to prioritize the liens." *Id.* (Citation omitted).

**{¶34}** Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of Trammell on his claim to quiet title.

*Breach of Contract*

**{¶35}** To establish a claim for breach of contract, a plaintiff must prove: (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages or loss resulting from the breach. *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 41.

**{¶36}** Appellants maintain the trial court improperly found Trammell established all of the required elements for a breach of contract claim. Appellants suggest the trial "court failed to undergo the necessary analysis under applicable Ohio law as to the existence, construction, enforceability, and applicability of the alleged land contract." Brief of Appellants at p. 16. Appellants continued, "Moreover, the purported 'agreement' was not otherwise enforceable." *Id.*

{¶37} The trial court found Trammell proved "(1) the existence of a valid and enforceable contract (the Land Contract), (2) [Trammell's] performance of his own obligations thereunder, and (3) the breach of its terms by . . . Ingram (specifically, the obligation to record the Land Contract and to execute and record a deed conveying the Property to [Trammell]).   March 2, 2023 Judgment Entry at p. 9.

{¶38} Without consideration of the admissions deemed admitted, we find the undisputed facts as set forth in Trammell's affidavit establish the trial court properly granted summary judgment on Trammell's claim for breach of contract.  Trammell established he and Lawrence Ingram, as Ingram's attorney-in-fact, entered into a Land Contract.  Trammell performed all of his obligations under the Land Contract.  Neither Lawrence Ingram nor Ingram conveyed the Property by deed to Trammell.  As did the trial court, we find Ingram failed to submit any evidence demonstrating the existence of a genuine issue of material fact regarding this claim.

{¶39} Based upon the foregoing, we find the trial court did not err in granting summary judgment in favor of Trammell on his claim for breach of contract.

*Specific Performance*

{¶40} "Specific performance of a promise that is the basis of a contract is a form of equitable relief. The remedy of specific performance is available when the promisor's failure to perform constitutes a breach of the * * * contract, and a remedy for the breach which is ordinarily available at law, such as money damages, will not afford the promisee adequate relief for a loss arising from the breach." *Gehret v. Rismiller*, 2d Dist. No. 06CA1705, 2007-Ohio-1893, 2007 WL 1174464, ¶ 14, citing 84 Ohio Jurisprudence 3d, Specific Performance, § 8. "[W]here land is the subject matter of the agreement, the

jurisdiction of equity to grant specific performance does not depend upon the existence of special facts showing the inadequacy of a legal remedy in the particular case. * * * Contracts involving interests in land * * * generally are specifically enforced because of the clear inadequacy of damages at law for breach of contract." *Sorrell v. Micomonaco*, 12th Dist. Warren No. CA2016-07-060, 89 N.E.3d 21, 2017-Ohio-1498, ¶ 28 (Citation and internal citations omitted).

**{¶41}** Specific performance as a remedy for breach of contract is a matter resting in the sound discretion of the court, not arbitrary, but controlled by principles of equity, on full consideration of the circumstances of each particular case. *Roth v. Habansky,* Cuyahoga App. No. 82027, 2003–Ohio–5378. The standard of review in such a case is whether the trial court, sitting as a court of equity, abused its discretion. *Id.* (Citation omitted).

**{¶42}** "Whether specific performance is the proper remedy for a seller of real property, must be determined on a case-by-case basis. The duty of a court of equity to decree specific performance of a contract to convey real estate cannot be determined by any fixed rule, but depends upon the peculiar facts and equitable considerations of each case, and rests in the sound discretion of the court." *Patel v. Larkin,* 5th Dist. Tuscarawas No.1999 AP 010005, 2000 WL 94498, *7 (Citation and internal quotations omitted).

**{¶43}** At dispute in the instant action is a piece of real property. As did the trial court, we find the Property is unique and unusual. Trammell expended money and a significant amount of his own time making improvements to the Property. Further, Trammell has been in possession of the Property since 2019. Accordingly, based upon

the facts and circumstances in this case and equitable considerations, we find the trial court did not abuse its discretion in ordering specific performance.

**{¶44}** Appellants' second assignment of error is overruled.

**{¶45}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Delaney, J. concur